Higbee *v.* Peed *et al.*

---

No. 11,479.

## HIGBEE *v.* PEED ET AL.

DRAINAGE.—*Costs.*—*Attorney's Fees.*—Under the drainage law of 1881, sections 4273–4317, R. S. 1881, attorney fees will not be allowed as a part of the cost of constructing a drain.

SAME.—*Remonstrance.*—*Practice.*—A remonstrance against the report of the commissioners must state the particulars in which the report is not according to law. It is not sufficient to use the general terms of the statute, that "the report is not according to law."

SAME.—It is not error to require a cause of remonstrance to be made more specific, so as to state the lands, compared with the assessments against which the remonstrator's lands are assessed too much.

SAME.—*Striking out Cause of Remonstrance.*—*Harmless Error.*—It is a harmless error to strike out a cause of remonstrance which is included in other remaining causes assigned.

SAME.—*Report of Commissioners.*—It is not error to strike out a cause of remonstrance which contradicts the report of the commissioners by a statement that they did not view the lands described in the report.

SAME.—*Location.*—It is not error to strike out a cause of remonstrance, that the commissioners did not locate the drain upon the most practicable route, etc.

SAME.—*Evidence.*—The evidence by the remonstrator upon the trial must be confined to the issues tendered by the remonstrance.

SAME.—*Judgment.*—The order directing one of the commissioners to construct the drain is properly a part of the final judgment establishing it.

SAME.—*Objection to Judgment.*—*Practice.*—No question is presented to the Supreme Court as to the directions to such commissioners, by a general objection to the judgment.

SAME.—*Query.*—As to the effect of filing the report of commissioners after the day fixed by the court and the manner of saving the objection, *quære?*

From the Henry Circuit Court.

*C. S. Hernly* and *S. H. Brown*, for appellant.
*J. M. Brown* and *J. M. Morris*, for appellees.

ZOLLARS, C. J.—This is a proceeding under the law of 1881, section 4273, et seq., R. S. 1881, for the establishment of a drain. After various rulings by the court below, and a trial of facts, the drain was established. We are asked to reverse the judgment because of alleged erroneous rulings in striking out portions of appellant's remonstrance, excluding certain offered evidence, and in the rendition of the final judgment.

The petition for the drain was filed in August, 1882. On the 5th day of September following, the court referred the matter to the commissioners of drainage, and by the same order directed them to meet at the clerk's office on the 11th day of that month, proceed to view the route and file their report on the 2d day of October. The report was not filed on the day fixed, but on the 4th day of December. The record shows no order extending the time, nor is there any explanation why the report was not filed and presented at the time fixed by the court. With the statement of the cost of the drain, there is a further statement in the report as follows: "Contingent expenses, legal, engineering, etc., $100." Following this is a statement of the expenses incurred by the commissioners up to that time, a part of which is an attorney fee of twenty-five dollars. Appellant contends that this attorney fee should not have been included in the report because not authorized by law, and that the whole report should have been set aside and rejected, because not filed and presented at the time fixed by the court; and that, therefore, the court below was in error in ruling adversely to him upon his second cause of remonstrance. On the day following the filing of the report, appellant appeared and filed his remonstrance, the second cause of which was in the language of the second cause prescribed by the statute, "That the report of the commissioners is not according to law." R. S. 1881, section 4276.

It is contended on the part of appellees, that the second cause, although stated in the language of the statute, is too general to present the specific causes of remonstrance urged in argument. We can not resist the conclusion that in this conten-

tion appellees are correct. The second cause of remonstrance prescribed by the statute is a general and comprehensive statement, and covers the many and different particulars in which the report may not be according to law. In the generality of statement, this cause is similar to the causes for a new trial prescribed by subdivisions first and eighth of section 559, R. S. 1881, and as in that case it is not sufficient to use the general terms of the statute in assigning the causes, so a proper practice requires a holding here, that it is not sufficient to use the general terms of the statute, and that the particular cause should be specifically set forth. To adopt a different practice would be to increase the liability of error in records on appeal to this court, and necessitate the reversal of judgments upon questions not presented below, and to which the attention of the trial court may have been in no way directed. It may be, that if, in this case, the attention of the court below had been called specially, and in a proper manner, to the questions discussed here, such rulings would have been made as would have avoided this appeal.

It may be observed in passing, that the court below, in the order approving the assessments made by the commissioners, declaring the drain established, and directing one of the commissioners to construct the work, did not direct the payment of the attorney fees. When the commissioner constructing the work comes to the payment of the costs and expenses incident to the establishment of the same, presumably, he will do his duty, and pay the costs and expenses named in the first portion of section 4277, R. S. 1881, and none other.

What may be the effect of such delay in filing and presenting the report of the commissioners, and whether or not the proper mode of reaching and presenting that question is by the remonstrance, or a motion to reject the report, are questions which we need not decide until a proper case arises.

As no defects in the petition for the drain are pointed out, we take no notice of the alleged error in overruling the first cause of appellant's remonstrance.

Appellant's fourth cause of remonstrance was stated, substantially, in the language of the fourth cause prescribed by the statute, that the amount of benefits assessed against his land was too much as compared with other lands assessed as benefited.

The court below did not err in ordering this cause made more certain by a statement of the specific lands, compared with which appellant claimed his was assessed too much. What we have said in relation to the second cause applies here. Appellees and the court were entitled to have the issue narrowed and fixed. If the comparison was to be made with all of the other lands assessed, the cause should have been so worded as to include all. If the comparison was to be made with other lands, less than all, as the statement of the cause indicated, the specific lands should have been named, that appellees might intelligently prepare for the trial of the facts, and that the court might limit the evidence to the facts really in issue. The ruling below, however, was practically of no consequence to appellant, as in another cause of remonstrance he stated what the court required him to do in the fourth.

The ruling of the court in striking out causes of remonstrance numbered 3, 9, 11, 12, 13, 14, 16, 17, 18, 19, 20 and 21, is assigned as error. Appellant's counsel limit their discussion to the 13th, 14th and 20th causes. We therefore confine our examination to these. The substance of the 14th and 20th is, that the commissioners did not view the lands described in the report, did not consider any damages that would result to appellant's land, and that the benefits assessed against his land were too much. If it should be conceded that any proper grounds of remonstrance were here stated, still, striking them out was harmless to appellant. So far as these causes relate to benefits or damages to appellant's land, they were fully covered by the causes not struck out, numbered $4\frac{1}{2}$, 5 and 15, under which appellant could have introduced any competent proof upon these questions. To say that the commissioners did not view the lands is to contradict the report

in that particular, a thing for which the law has not provided by way of remonstrance.

The 13th cause of remonstrance so struck out was, that "the commissioners did not take into consideration the most practicable route for the construction of said drain, and did not locate said drain on the best and most practicable route." The only substantial thing attempted to be stated in this cause is, that the drain was not located on the most practicable route. If here, again, it should be conceded that a question of this character could be made by the remonstrance, it would not follow that striking out the cause as here stated is an available error. As stated, this cause does not show what would be a cheaper, better, or more practicable route. It presents nothing certain, and tenders no definite issue for trial. It would be next to impossible for the petitioners to fully and intelligently prepare to meet such an indefinite charge.

It is further argued that the court erred in directing one of the commissioners to construct the drain. This argument is based upon the assumption that this order was made after the bond for this appeal had been filed. This is a mistake. The order directing the commissioner to construct the drain is a part of the final judgment approving the report of the commissioners, and establishing the drain, and is properly a part of that final judgment. Section 4276, R. S. 1881. An appeal was not asked, nor was the appeal bond filed, until after the rendition of this final judgment. It should be observed, too, that the objection to the judgment was too general and indefinite to present any such question to the court below. *Jenkins* v. *Rice,* 84 Ind. 342.

Upon the trial of the cause appellant offered to prove that the drain might have been located and constructed upon the line between his land and the lands of the petitioners, at a saving of $250 in the cost of construction, because that line is upon lower ground, and along a natural watercourse; that the commissioners, without having that line surveyed, at the request of the petitioners, located the drain wholly upon his

land, and that an eight-inch tile drain would have been suf-‘ ficient to drain his land.    Without extending this opinion, it is sufficient to say that there was no cause of remonstrance stated under which this offered evidence was competent, and that, therefore, there was no error in excluding it.

Having examined each·question discussed by counsel, and having found no error in the record for which there should be a reversal of the judgment, it is affirmed, with costs.

Filed Dec. 12, 1884.