Meranda *v.* Spurlin *et al.*

No. 11,870.

## MERANDA *v.* SPURLIN ET AL.

DRAINS.—*Remonstrance.*—*Report of Commissioners.* — In a remonstrance to the report of the drainage commissioners, under the act, R. S. 1881, section 4273, *et seq.*, as amended, Acts 1883, p. 173, it is not sufficient to state that the report is not according to law. The particulars in which it is claimed the report is not according to law must be stated.

SAME.—*Cause of Remonstrance.*— *Uncertainty.*—A cause of remonstrance, that the report of the commissioners does not show with sufficient certainty the method of drainage, is too uncertain.

SAME.—*Conclusiveness of Report of Commissioners.*—As to whether or not the method of drainage adopted is the cheapest and most practicable, are questions for the judgment of the commissioners, and in the absence of fraud, their judgment thereon can not be reviewed.

SAME.—*Presumption.*—The decision of the commissioners upon these questions need not be embodied in their report. From the location of the drain by the commissioners it will be presumed that they passed upon these questions.

SAME.—*Report as to Location of . Drain.*—As to the location of the drain, the courses and distances are all that need be stated in the report of the commissioners.

SAME.—*Sufficiency of Report.*—A report of the commissioners in substantial compliance with the form prescribed by the statute is sufficient.

SAME.—*Amendment.*—The court may allow the commissioners to amend their report after it has been filed.

SAME.—*Evidence.*—The evidence in support of the remonstrance will be confined to the issues tendered by it.

SAME.— *Witnesses' Opinions.*—The opinions of witnesses, that the drain will be of public utility, benefit any highway, or benefit or damage any particular lands, are not competent evidence.

SAME.—*Available Error.*—A party who first introduced such evidence upon such questions can not successfully ask a reversal of the judgment because the other side is allowed to meet it with like evidence upon the same questions.

SAME.—*Evidence.*—*Motion for New Trial.*—Questions as to the sufficiency of the evidence, and the admission and exclusion of testimony, in a proceeding to establish a drain, are properly presented by a motion for a new trial.

SAME.—*Public Utility, Proof of.*—The question of public utility is not to be split up, and the drain defeated, by showing that it will not be of public utility in one of the counties into which it extends. The question of public utility has reference to the drain as a whole, without regard to the county lines that may cross it.

Meranda v. Spurlin et al.

SAME.—*Drains Extending into More than one County.*—*Authority to Establish.*— The circuit court in which the petitioner resides, and in which the proceeding is commenced, has authority to establish a drain extending into another county.

SAME.—*Establishing Such Drain upon Line of Drain Formerly Established by Board of County Commissioners.*—Such drain, under the above acts, may be established and constructed along and upon a drain formerly constructed by the order and judgment of the board of county commissioners.

SAME.—*Proof of Notice.*—*Nunc Pro Tunc Entry.*—From the affidavits on file in proof of posting the notices, and the court's notes, "proof of notice filed, cause ordered docketed," a *nunc pro tunc* entry may be made at a subsequent term showing that the notices were posted, as stated in the affidavits.

SAME.—*Notice of Entry.*—A party, having appeared to a motion for a *nunc pro tunc* entry, can not afterwards object that notice of such motion was not served upon others, against whom benefits are assessed.

SAME.—*Sufficient Proof of Notice.*—Under the amended act, Acts 1883, p. 174, proof of the posting of notices need not necessarily be by affidavit.

From the Tipton Circuit Court.

*M. Garrigus,* for appellant.

*R. B. Beauchamp,* for appellees.

ZOLLARS, C. J.—This is a proceeding commenced in the Tipton Circuit Court, under the act of 1881, R. S. 1881, section 4273, *et seq.,* as amended in 1883, Acts 1883, p. 173, to establish a drain, partly in Tipton and partly in Howard county.

Appellant was a remonstrant below, and has appealed from the judgment establishing the drain. We notice the objections to the proceedings below in the order discussed by his counsel.

The substance of the fourth cause of remonstrance, to which a demurrer was sustained, is, that the report of the commissioners is not according to law, for the reason that the portion of the proposed drain in Howard county, as located in the report, is along and upon a drain established and constructed pursuant to an order and judgment of the board of commissioners of Howard county, under the act of March 9th, 1875 (1 R. S. 1876, p. 428). The condition that this drain

was in at the time these proceedings were commenced and consummated in the court below, is not stated in this cause of remonstrance. So far as we can know from this cause, that drain, on account of neglect or insufficiency, may have been abandoned as useless. This court has recently held that it is not sufficient in a remonstrance to use the general terms of the statute, that " the report of the commissioners is not according to law ; " that the particulars in which it is not according to law should be stated ; and, further, that the evidence on the part of the remonstrant will be confined to the issues tendered by his remonstrance. *Higbee* v. *Peed,* 98 Ind. 421 ; *Anderson* v. *Baker,* 98 Ind. 587. It follows from these cases that in determining the sufficiency of any particular cause of remonstrance we must look alone to the specific facts therein stated. This disposes of appellant's argument upon the demurrer to the fourth cause of remonstrance, that the report of the commissioners does not show with sufficient certainty " the method of drainage," etc.

This cause of remonstrance raises no such question. As to whether or not the method of drainage adopted is the cheapest and most practicable, it has been held, are questions for the judgment of the commissioners, and that, in the absence of fraud, their judgment upon these questions can not be reviewed ; that their decision upon these questions need not be embodied in their report ; and that, from their location of the drain, it will be presumed that they first determined these questions. *Anderson* v. *Baker, supra.*

If the fourth cause of remonstrance properly presents any questions, they are : *First.* As to the power and jurisdiction of the Tipton Circuit Court to establish the drain, a portion of which is in Howard county ; and, *Second.* As to the authority to establish the drain along and upon the drain formerly established by the board of commissioners of that county. The first question has been decided adversely to appellant's contention, and it has been held that the court of the county in which the petitioner resides and the proceeding is commenced,

has jurisdiction and authority to establish a ditch extending into another county. *Shaw* v. *State, etc.*, 97 Ind. 23; *State, etc.*, v. *Turvey*, 99 Ind. 599; *Crist* v. *State, ex rel.*, 97 Ind. 389.

We know of no constitutional or statutory inhibition against locating and constructing one of these drains along and upon a drain formerly constructed pursuant to an order and judgment of the board of commissioners. These latter drains are constructed by the public for public purposes, and while the land-owners are assessed according to benefits derived, they do not thereby acquire vested rights that will prevent the location and construction of another drain upon the same line. The power is analogous to the power of cities to reconstruct streets, except in the latter case the statute provides that the damages caused by the improvement shall first be paid to the land-owner who was assessed for a former improvement. *City of Kokomo* v. *Mahan, ante,* p. 242. To hold the contrary would be to greatly embarrass and cripple the public authorities and individuals in the proper drainage of wet lands. The location and construction of such second drain is not a question of power, but rather one of policy. When a drain is thus located and constructed under an order of the board of commissioners, and the property-owners have been assessed for benefits, it would seem that some sufficient reason should exist for the construction of another drain upon the same line by the order and judgment of the circuit court. It might become a question of public utility as to the second drain; if so, that question could be tried under the eighth cause of remonstrance, as provided by the statute (Acts 1883, p. 177); and so it might become a question as to whether or not the land-owners will be benefited by, or should be assessed for, the construction of the second drain. If so, these questions could be tried under the fifth statutory cause of remonstrance. Acts 1883, p. 177. These questions of public utility, etc., and benefits, are questions of fact to be decided upon the evidence, and are not properly raised by any specific statements in the cause of remonstrance under examination. This cause,

as filed, does not seek to raise these specific questions; they are raised by other causes of remonstrance, which we shall have occasion to notice hereafter.

An argument is made under the fourth cause of remonstrance, as filed, that as the drain crosses a railroad in Howard county, and as no notice was given to the railroad company, so far as its track in Howard county is concerned, the court below did not have jurisdiction, and its proceedings were without authority and void.

No such question is raised by this cause of remonstrance; it does not inform us of the fact of such crossing; nor is that fact developed by the petition, the notice, or the report of the commissioners. A plat attached to appellant's brief shows such a crossing, but we are confined to what is shown by the record, and can not otherwise take notice of such fact, if it be a fact.

The record shows that at the September term of the court, and on the day set for the docketing of the petition, as provided in the amended act, Acts 1883, p. 174, section 2, the petitioner filed a notice and affidavits showing that it had been posted along the line of the drain and at the door of the court-house in each of the counties, as the law directs. The notice and affidavits are set out at length in the record. In an entry by the clerk, in which he attempts to give the substance of the affidavits, he omits the statement therein that the notice was posted at the door of the court-house in Howard county. On the same day he made the following entry : " It appearing to the court that notice of the filing of said petition has been given according to law, the same is ordered docketed, and by order of the court said cause is now docketed." The matter was referred to the commissioner without opposition from any one.

Pursuant to the order of the court, they filed their report at the November term. Upon objections being made by appellant, the report was referred back to the commissioners, and they filed an amended report a few days thereafter. Upon

the filing of this amended report, appellant moved to set aside the reference to the commissioners, because the proper affidavits in proof of notice had not been filed. This motion was overruled. After the filing of a remonstrance by appellant, and the rulings upon it, and at a subsequent term, the petitioner moved for a *nunc pro tunc* entry, so that the recital by the clerk might show the proof of the posting of the notice at the door of the court-house in Howard county. The motion was based upon the affidavits, and an entry on the court's docket as follows: "Proof of notice filed, cause ordered docketed." These affidavits and entry upon the court's docket very clearly furnished sufficient ground upon which to base an order for a *nunc pro tunc* entry. There was, therefore, no error in the making of it. *Chissom* v. *Barbour, ante,* p. 1, and cases therein cited. Indeed, it is not apparent that under the amended act, Acts 1883, p. 174, section 2, there was any need for such an entry. The affidavits, in the first place, show that the notice was properly posted. In the second place, the entry that the court found that the notice had been posted according to law, and assumed jurisdiction and referred the matter to the commissioners, would seem to be sufficient.

It was held in the case of *Scott* v. *Brackett,* 89 Ind. 413, that proof of posting notice of the intended petition could be made only by an affidavit. That decision, however, was made under the act of 1881, R. S. 1881, section 4275. That section provided in direct terms, that the proof should be made in that way. It was amended in 1883, Acts 1883, p. 174, sec. 2, and as amended requires that it shall be made to appear to the court that notice has been given, but does not require that it shall be so made to appear by affidavit, nor in any other definitely prescribed manner. We know of no reason why, under this amended act, it may not be by oral testimony.

Appellant was in court and appeared to the motion for the *nunc pro tunc* entry. He can not now object because a notice of that motion was not served on others against whom bene-

fits were assessed.    See *Cool* v. *Peters Box and Lumber Co.*,
87 Ind. 531.

There is in the record a motion by appellant to dismiss the
petition for the reason that the report of the commissioners
showed that the costs, damages and expenses of the drain
would exceed the benefits to the owners of lands.  Following
this, leave was granted to amend the report, and the commis-
sioners filed an amended report, in which the benefits to lands
are shown to exceed the costs, damages and expenses.    The
first report is not in the record.    We can not know, therefore,
that in it the costs, damages and expenses of the drain were
shown to exceed the benefits to lands, and can not therefore
determine that appellant's motion was in any way well taken,
or should have been sustained.    The court undoubtedly
had the right to allow the commissioners to amend their re-
port.    The statute expressly confers such authority.    Acts
1883, p. 177.    It may as well be done without a remon-
strance, as after the defects shall have been pointed out by a
remonstrance.    As we have said, we can not know what
amendment was made, as the amended report only is in the
record.    In this condition of the record, we must presume in
favor of the correctness of the action of the court below in
allowing the amendment.

The first cause of remonstrance filed · by appellant is a
general statement, that the report of the commissioners is not
according to law.    Under this, he vigorously assails the re-
port.    As we have seen, this cause is not sufficiently specific
to present any question.    We have no way of knowing whether
or not the many objections urged here were urged below.    It
may be, that if they had been, that court would have ordered
the report made more specific in some particulars.    It is
clearly our duty, therefore, if we pass upon the report at all,
to disregard such technical defects as would not seriously
affect appellant's substantial rights.    The report, as we find it
in the record, is, in all essential matters, in substantial com-
pliance with the form prescribed by the statute, R. S. 1881,

section 4284. And while some portions of the report might have been more specific, it is sufficiently certain to be readily understood. It has been held, that a report in substantial compliance with the statutory form is sufficient. *Indianapolis, etc., G. R. Co.* v. *Christian*, 93 Ind. 360; *Anderson* v. *Baker*, 98 Ind. 587.

The main argument against the report is, that it locates the portion of the drain in Howard county upon the line of a drain before that time established by the board of commissioners of that county, and that this fact is not, but should have been, developed in the report with specific statements as to how much the old drain was to be deepened and widened. The evidence establishes the fact that the portion of the drain in Howard county is located upon the line of the old drain. Had the court below, upon the establishment of this fact, yielded to the contention of appellant, the only relief that could have been granted under the statute, Acts 1883, p. 177, would have been to refer the report back to the commissioners for an amendment, by inserting the statements contended for by appellant. Possibly, that might have been well, but we can not hold that the statute absolutely required it; and, as it is difficult to see how that would have affected appellant's substantial rights, and as we can not know that these specific objections were brought to the attention of the court below, we can not, and should not, reverse the judgment because the reference was not made.

The petition, notice and report of the commissioners sufficiently show that the drain is to be an open one. The courses and distances and the lands to be affected are very specifically stated and given in the report. Any surveyor could readily locate the drain, and when thus located it will readily appear that it is upon the line of the old drain. It might have been more convenient for appellant to have been informed by specific statements in the report that the drain was located upon the line of the old drain. He might thus be saved the trouble of ascertaining that fact, and the location, by a refer-

ence to the courses and distances given in the report. And so, in every case, it would be more convenient for the land-owners to be informed by the report that the proposed drain is to follow a certain ravine, or to be parallel with and a certain distance from some line of fence, or established highway or railroad, but such particularity is not required by the statute. The courses and distances are all that the law requires. When these are given, the land-owner may readily ascertain the location of the drain, and whether or not it will be along a line of fence, destroy a private way, follow a ravine, or a formerly established drain. The line being thus given, with the width, depth, fall and slope of the banks of the proposed drain, it can be readily ascertained in what it differs from the old drain. We do not decide, nor intimate a decision, as to what might be a sufficient report, should the commissioners so far depart from the method of drainage proposed in the petition, as to adopt a method by removing obstructions from, deepening, widening or straightening a natural watercourse, etc.

As to the contention by appellant, that one tract of land assessed by the number given to the township is shown to be in Miami county, it is sufficient to say in the first place, that no such question is raised by any cause of remonstrance filed; and in the second place, that the land is clearly shown to be in Howard county, in close proximity to the proposed drain. The other descriptions of the land show this, and that the number of the township is a clerical mistake.

The motion for a new trial below, and the assignment here, that the court below erred in overruling it, present the question as to the sufficiency of the evidence and the rulings of the court below in the admission of evidence. See *Neff* v. *Reed*, 98 Ind. 341.

In settling the question of the public utility of a proposed drain, the question is not to be split up, and the drain defeated, by proof that it will not be of public utility in one of the counties into which it extends. The question of public

utility has reference to the drain as a whole, and to the public generally, without regard to the county line that may cross the drain. Upon the question of benefits to appellant's land, the evidence is sharply conflicting. The judgment, therefore, can not be reversed upon the evidence upon this question.

It is further urged here, that the judgment should be reversed because the trial court allowed one, and perhaps more, of appellees' witnesses to give their opinions as to whether or not the proposed drain would be of public utility, benefit any highway, or benefit or damage appellant's land. Such testimony was allowed, and such testimony is incompetent. *Yost* v. *Conroy*, 92 Ind. 464; *Thompson* v. *Deprez*, 96 Ind. 67. We think, however, that appellant is not in a position to make this error available for the reversal of the judgment. The record shows that he first adopted the mode of proof by taking the opinions of his witnesses upon all these questions. Having done so, he can not complain that appellees were allowed to meet his case by the same method of proof. *Lowe* v. *Ryan*, 94 Ind. 450.

There being no error in the record requiring a reversal of the judgment, it is affirmed with costs.

Filed Feb. 19, 1885.