Sunier v. Miller, Auditor.

----

No. 12,001.

## SUNIER v. MILLER, AUDITOR.

DRAINAGE.—*Notice.—Appearance.—Waiver.—Joining in Remonstrance.*—The joining in a remonstrance against the establishment of a ditch and the levying of assessments, is an appearance which waives notice.

SAME.—*Injunction.*—Where there has been no objection to the notice, its validity can not be questioned collaterally in a proceeding for an injunction.

SAME.—*Assessments not Reviewable in Suit for Injunction.*—A land-owner can not by a suit for an injunction have a review of the assessment of benefits and damages in a ditch proceeding. Such questions must be litigated before the board of commissioners, where the proceeding originated, or on appeal.

SAME.—*Proceedings Must be Void to Authorize Injunction.*—An injunction will lie where the proceedings are void, but not where they are merely erroneous or irregular.

SAME.—*Appeal from Board of Commissioners.—Power of Circuit Court to Remand.*—Upon appeal from a decision of the board of commissioners, in a drainage proceeding, the circuit court has authority, after a hearing, when it deems it proper, to remand the case to the board for further action.

SAME.—An order of the circuit court annulling the assessments, because they are erroneous, and remanding the case for that reason, vacates only that part of the proceeding.

From the Wells Circuit Court.

*A. N. Martin, H. L. Martin, J. S. Dailey, L. Mock* and — *Simmons*, for appellant.

*E. R. Wilson, J. J. Todd* and *A. Duglay*, for appellee.

ELLIOTT, J.—This suit was brought by the appellant to enjoin the auditor of Wells county from enforcing an assessment levied for the purpose of constructing a ditch, or, more accurately speaking, from enforcing an order establishing a ditch, under the act of April 21st, 1881, made by the board of commissioners.

The appellant argues that the proceedings are void because no notice was given as the law requires. We agree with counsel that the general rule is, that notice is required in all such proceedings as the present. *Hobbs* v. *Board, etc.,* 103 Ind. 575; *Wright* v. *Wilson,* 95 Ind. 408. We do not doubt that notice is a fundamental matter, and if not given the proceedings are void, unless the complainant has, in some effective method, waived it. *Strosser* v. *City of Fort Wayne,* 100 Ind. 443. But while the general rule is that stated, it is as well settled as the rule itself that where the party voluntarily appears the fact that there was no notice to him does not render the proceedings void. Notice may be waived, and it always is waived where there is an appearance. There is, as is well known, a broad distinction between jurisdiction of the person and jurisdiction of the subject-matter; consent may confer the former, but not the latter. This rule applies to proceedings of this character. *Boston, etc., Railroad* v. *Folsom,* 46 N. H. 64; *Copeland* v. *Packard,* 16 Pick. 217; *Muire* v. *Falconer,* 10 Grat. 12; *East Saginaw R. R. Co.* v. *Benham,* 28 Mich. 459; *People* v. *Burton,* 65 N. Y. 452.

The appellant joined in a remonstrance against the establishment of the ditch and the levying of the assessments, and this was an appearance. We can perceive no reason for holding that one who joins in a remonstrance can assail the proceedings upon the ground that no notice was given. It has often been held, that if no objection to notice is made its va-

lidity can not be assailed even on appeal, and, surely, if objection can not be made on appeal, none can be successfully urged in a collateral attack. *Daggy* v. *Coats*, 19 Ind. 259; *Milhollin* v. *Thomas*, 7 Ind. 165; *Little* v. *Thompson*, 24 Ind. 146.

The land-owner can not, by a suit for an injunction, have a review of the assessment of benefits and damages. Questions respecting the assessment of benefits and damages must be litigated in the commissioners' court or on appeal. *City of Fort Wayne* v. *Cody*, 43 Ind. 197. If the proceedings are void, then an injunction will issue, but, where the proceedings are not void, a suit for injunction can not be maintained, no matter how erroneous the proceedings may be. *Cauldwell* v. *Curry*, 93 Ind. 363; *Smith* v. *Clifford*, 99 Ind. 113. Where there is jurisdiction of the subject-matter and notice, or an appearance, there is jurisdiction, and no irregularity can be made available in a suit for an injunction.

The petitioners succeeded in obtaining from the board of commissioners an order for the location and construction of a ditch, and also secured an order approving the assessment made by the reviewers. This appellant, and other land-owners, appealed from the judgment of the board of commissioners and the circuit court, on appeal, made and entered of record the following finding and judgment: "That the improvement prayed for in the petition is conducive to public health and welfare; that the route thereof is practicable, and that the assessments are made on lands owned by the defendants. Said assessments are not in proportion to the benefits derived therefrom; that they, the assessments, and each of them, are excessive and erroneous. Whereupon it is ordered and adjudged that the said assessments and each of them, together with the proceedings had and done before the board of commissioners of Wells county, be, and the same are hereby set aside, vacated and rendered of no effect, and the cause be remanded back to the board of commissioners for such further proceedings as may be required by law in

the premises." No objection was made to this finding and judgment by any of the parties.

Where assessments are adjudged erroneous, and the other findings of the board of commissioners are approved by the circuit court, the entire proceeding is not vacated or annulled. All that the judgment before us does is to annul the assessments, for the reason that they are erroneous; in other respects the action of the commissioners was approved. It can not be justly assumed that the judgment of the circuit court had the effect to annul the entire proceedings, for all that it professed to do was to remand the case for a correction of the assessments.

The appellant assumes that the order remanding the case to the board of commissioners renders the entire proceeding void. We are not willing to hold that the action of the circuit court does entitle the appellant to treat the assessment as a nullity. The question is not whether the court erred in so ordering, but whether that order and subsequent proceedings are absolutely void. If it were granted that the order was erroneous, the conclusion deduced by appellant would not follow. A ruling may be palpably erroneous, and yet not a nullity.

It must be kept in mind that the circuit court did rightfully assume and exercise jurisdiction, and did hear and decide the case. There was, therefore, neither want of jurisdiction, nor failure to award a trial. . There was a trial and a decision, and the utmost that can be granted the appellant, if, indeed, that much can be granted, is, that the decision and judgment were erroneous. The present case is not governed by the cases of *McPherson* v. *Leathers*, 29 Ind. 65, and *Mandlove* v. *Pavey*, 33 Ind. 505, for in those cases there was a refusal to award a trial, and the questions were directly presented by due exceptions and an appeal to this court. *Gavin* v. *Board*, etc., 81 Ind. 480, simply decides that the circuit court must try the case *de novo*, but it neither considers nor decides the question here presented.

The general statute respecting proceedings before the board of commissioners and referring to appeals from the decisions of the boards, expressly authorizes the circuit court to remand a case, when it deems proper, to the board of commissioners, and the effect of such a statute is to confer a very broad discretion upon the circuit court. It has been decided that this general statute authorizes the circuit court to remand a case arising under the ditch law. *Bryan* v. *Moore,* 81 Ind. 9. The same doctrine applies in highway cases. *Board, etc.,* v. *Small,* 61 Ind. 318; *Wilkinson* v. *Bixler,* 88 Ind. 574. These authorities are certainly sufficient to prove that the order of the circuit court was not void. If it were granted that the order of the circuit court is not regular in form, and that it was wrongfully entered, it would do the appellant no good, for, if it was not absolutely void for want of jurisdiction, this collateral attack must be unavailing. *Cauldwell* v. *Curry, supra.*

The judgment of the circuit court, even if erroneous, carried the case back to the commissioners' court, and re-invested that tribunal with plenary jurisdiction. As that tribunal was re-invested with jurisdiction, its proceedings were not void, even if erroneous, and if not void they can not be successfully assailed in a collateral attack. It would not have been proper for the commissioners to question or disobey the order of the circuit court, for, even if that order was erroneous, the only remedy was by appeal. It is the duty of a party who is dissatisfied with an order, made in the progress of a cause, to interpose proper objections and reserve timely exceptions; if he omits this he is remediless, for he will be turned away without assistance, if he resorts to a collateral attack.

Judgment affirmed.

Filed Feb. 11, 1886; petition for a rehearing overruled April 14, 1886.