Updegraff v. Palmer et al.

## No. 11,962.

## UPDEGRAFF v. PALMER ET AL.

DRAINAGE.—*Ditch Extending into Two Counties.—Jurisdiction.*—Where a ditch extends into or through two counties, proceedings to establish it may be prosecuted in either.

SAME.—*Notice.—Law of 1881.*—Where a drainage proceeding was commenced under the law of 1881, it was proper to give notice of the time of filing the petition.

SAME.—*Appearance.—Remonstrance.—Practice.*—Where parties appear and remonstrate, they will be confined to the grounds of objection stated in their remonstrance.

SAME.—*Notice.—Assumption of Jurisdiction.*—The assumption of jurisdiction and the exercise of authority is a decision upon the question of notice without any formal entry declaring the notice sufficient.

SAME.—*Reference to Commissioners.—Objections to, When too Late.*—After the drainage commissioners have made their report, and an order is entered approving it and establishing the ditch, it is too late to object to the reference to such commissioners.

SAME.—*Affidavit.—Notary Public.—Jurat.—Omission of Month.*—A petition for drainage may be sworn to before a notary public, and the mere omission of the month from the jurat will not render the verification bad.

SAME.—*Filing of Petition.—Conclusiveness of Judgment.*—A judgment entered upon a petition for drainage is conclusive that the petition was duly filed.

SAME.—*Dismissal of Petition.*—The fact that the report of the commissioners is invalid, or that the orders of the court based thereon are erroneous, will not supply grounds for dismissing the petition.

From the Cass Circuit Court.

*J. C. Nelson, Q. A. Myers* and *H. C. Thornton,* for appellant.
*D. C. Justice,* for appellees.

ELLIOTT, J.—The appellant petitioned the Cass Circuit Court to establish a ditch, and to assess benefits and damages. The court dismissed the petition.

The fact that the proposed ditch extended into Carroll county did not deprive the Cass Circuit Court of jurisdiction, as part of the ditch will, if established, be within Cass county. It is settled that if a ditch extends into or through two counties, proceedings may be prosecuted in either one of

the counties. *Shaw* v. *State, etc.,* 97 Ind. 23; *Crist* v. *State, ex rel.,* 97 Ind. 389; *Buchanan* v. *Rader,* 97 Ind. 605; *Meranda* v. *Spurlin,* 100 Ind. 380.

The fact that the ditch, described in appellant's petition, extends into Carroll county, did not, therefore, warrant a dismissal of the proceedings.

The appellant's petition was filed on the 1st day of January, 1883, so that the proceedings are governed by the law of 1881, and not by the statute of 1883. Under the law of 1881, it was proper to give notice of the time of filing the petition. *McMullen* v. *State, ex rel.,* 105 Ind. 334. This was the notice given by the appellant.

The notice is substantially in the form prescribed by statute, and proof of posting was made by affidavit. The appellees appeared and filed a remonstrance, but did not challenge the sufficiency of the notice, nor did they question the method of service nor the character of the proof. By thus appearing without objection, they waived these questions. *Higbee* v. *Peed,* 98 Ind. 420; *Bradley* v. *City of Frankfort,* 99 Ind. 417; *Sunier* v. *Miller,* 105 Ind. 393, and authorities cited.

We have many decisions in highway cases holding that where parties appear and remonstrate, they will be confined to the grounds of objection stated in their remonstrance. This long settled rule is a reasonable and just one, for it enables the trial court and parties to correct errors, thus repressing litigation. If the question were an open one we should not be inclined to a different view from that which has so long prevailed, but as the question is well settled we need not now discuss it. *Jackson* v. *State, etc.,* 104 Ind. 516, and authorities cited.

The assumption of jurisdiction and the exercise of authority is a decision upon the question of notice without any formal entry declaring the notice sufficient. *Jackson* v. *State, etc., supra; Carr* v. *State, etc.,* 103 Ind. 548; *Platter* v.

*Board, etc.,* 103 Ind. 360; *Cauldwell* v. *Curry,* 93 Ind. 363; *Board, etc., Hall,* 70 Ind. 469. ·

The record in this case shows that the court did assume jurisdiction and did exercise judicial authority over the parties and the subject-matter.

On the 2d day of July, 1883, the appellees appeared and filed objections to the reference of the petition to the drainage commissioners, stating the following grounds for the motion: 1st. The reference is not authorized by law. 2d. The petition has never been filed or placed upon the docket. 3d. The reference is not authorized by section 2 of the act of March 8th, 1883, inasmuch as the petitioner has not noted thereon the day set for docketing thereof. Prior to the filing of this motion, January 9th, 1883, the drainage commissioners filed bonds which were approved by the court, and one of them took the oath required by law. On the 5th of February, 1883, the report of the commissioner was made to the court and an order entered approving the report and establishing the ditch. The decisions very clearly declare that the motion of the appellees came too late to be of avail. *Smith* v. *Smith,* 97 Ind. 273; *Carr* v. *State, etc., supra.*

The general statement in the motion, that the reference is not authorized by law, is too general to present any question for our consideration. In such cases as this the objections must be specifically stated. *Meranda* v. *Spurlin, supra; Higbee* v. *Peed, supra; Anderson* v. *Baker,* 98 Ind. 587.

On the 15th day of March, 1883, the appellees moved to vacate the judgment rendered by the court, and to set aside the report of the commissioners, assigning various reasons in support of their motion. Many of these reasons are too general to be entitled to consideration, and the others present no questions relevant to the present inquiry, for it must be remembered that the question here is, not whether it was proper to set aside the report or vacate the judgment, but whether it was proper to dismiss the proceedings? The ruling complained of is the dismissal of the proceedings, and

that is the question for our decision.   Counsel wander from the point, and assail the proceedings generally, but this can not avail for the reason that there is but one controlling question involved in the controversy.   Confining our discussion to the issue between the contestants, we shall examine only the points which bear upon that issue, and these are presented, so far as they are presented at all, by the motion made on the 13th day of September, 1883.   It was on this motion that the court entered judgment dismissing the petition.

There are several reasons assigned in this motion which are too general to present any question, and we pass them without further comment.

The third reason assigned is that the petition is insufficient to authorize the establishment of the said ditch.   The appellees had, as we have seen, moved to set aside the judgment of the court approving the report of the commissioner, and it now remains to add that this motion was so far sustained as to vacate the judgment and set aside the report, and the motion under immediate mention was addressed to the second report.   It was, therefore, not until one report and the judgment approving it had been set aside and another report made that the petition was assailed.   The objection made to the sufficiency of the petition is that it is not properly verified, and we will examine this question, although we are strongly inclined to the opinion that the specification in the motion does not properly present the question.   The record contains these recitals, and they appear immediately below the petition, which is signed by the appellant:

"STATE OF INDIANA, CASS COUNTY, ss.:

"John P. B. Updegraff swears and says that the matters alleged above are true as he believes.

"JOHN P. B. UPDEGRAFF.

"Sworn and subscribed 13th, 1883.

{ NOTARIAL                  "HENRY C. THORNTON,
  SEAL. }                        "Notary Public."

It seems quite clear to us that these recitals show that the

petition was duly verified. *Shields* v. *McMahan*, 101 Ind. 591.

A notary public has authority to administer oaths " pertaining to all matters where an oath is required." R. S. 1881, section 6010. Indeed, a still broader authority is conferred by section 5964, for it is there enacted that ".every notary public shall have power to administer oaths generally."

The record shows that the petition was filed, and it certainly does appear that the appellees treated it as filed, as did the court, for it entered judgment upon it although it subsequently vacated this judgment and again referred the petition to the commissioner. It is clear that the objection would be unavailing, coming as late as it did, even if the record did not show a filing, as the statute declares that " such judgment shall be conclusive that all prior proceedings were regular and according to law." This provision has often been applied to cases similar to the present. *Scott* v. *Brackett*, 89 Ind. 413; *Albertson* v. *State, ex rel.*, 95 Ind. 432; *Albertson* v. *State, ex rel.*, 95 Ind. 370; *McKinney* v. *State, etc.*, 101 Ind. 355; *Lipes* v. *Hand*, 104 Ind. 503.

The fact that the report of the commissioners is invalid, or that the orders of the court based thereon are erroneous, will not supply grounds for dismissing the petition. *Williams* v. *Stevenson*, 103 Ind. 243; *Sunier* v. *Miller*, 105 Ind. 393.

Judgment reversed, with instructions to set aside the order dismissing the appellant's petition.

Filed April 20, 1886; petition for a rehearing overruled June 23, 1886.