Carr *et al. v.* Boone *et al.*

Filed Nov. 17, 1886.

---

No. 12,327.

CARR ET AL. *v.* BOONE ET AL.

DRAINAGE.—*Appearance.—Waiver of Notice.*—Where, in a drainage proceeding, parties appear without objecting to the sufficiency of the notice, they waive their right to question it.

SAME.—*Insufficient Notice to One not Available to Others.*—The fact that one or more land-owners are not notified, will not vitiate the proceedings as to those having notice.

SAME.—*Joint Motion Must be Good as to all Uniting.*—A joint motion, or a joint assignment of error, which is not good as to all who unite therein, can not be sustained.

SAME.—*Proof of Posting Notices.—Affidavit.*—Proof of the posting of notices need not be made by affidavit, but may be made in any other legal method, and hence it is not essential that the record should contain affidavits of such fact.

SAME.—*Judgment as to Notice.*—A formal judgment, declaring the notice sufficient, is not necessary where the judgment as rendered involves and adjudicates that question.

SAME.—*Second Notice.— When May be Ordered.*—Where the notice first given is not sufficient, the court may order a second notice, provided there is no unreasonable delay and no prejudice to substantial rights.

SAME.—*Defects in Notice not Available to Petitioner.*—The petitioner for drainage can not avail himself of any defect in the notice nor object to the manner in which it is proved.

SAME.— *When Petitioner May not Dismiss.*—The petitioner can not dismiss his petition after the report of the commissioners has been filed and confirmed, and rights have been acquired and money expended thereunder,. notwithstanding the order approving the report has been vacated on the joint motion of himself and the commissioners for additional notice. . to omitted parties.

From the Hamilton Circuit Court.

*W. Booth* and *F. M. Trissal,* for appellants.

*D. Moss* and *R. R. Stephenson,* for appellees.

ELLIOTT, J.—The appellant Heiney petitioned the circuit court of Hamilton county for the establishment of a ditch, and an order was finally made establishing the ditch as prayed for. This appeal is from the judgment rendered in the proceedings put in motion by the petition of the appellant Heiney.

The cases which decide questions presented by a collateral attack upon the judgment of the court in drainage proceedings, are not of controlling force here, for this is a direct attack upon the judgment. An appeal from the judgment brings in direct review all questions properly saved by the appellants.

The notice originally given was that the petitioners would file a petition on a designated day, and, as against a direct attack, this was not sufficient, for the statute requires that the notice should be given after the filing of the petition. Acts 1883, p. 173; *McMullen* v. *State, ex rel.,* 105 Ind. 334.

The failure to give the notice required by law was a grave error, and would invalidate the proceedings as against a direct attack, unless corrected by subsequent proceedings. Notice is an essential requisite, and the omission to give the notice·

provided by the statute is one of a most material character, and these proceedings must fail unless the record shows that the notice was waived, or that subsequent proceedings cured the error, for here the case is before us for review by a direct appeal.

It is settled that notice in proceedings of this character may be waived. *Sunier* v. *Miller*, 105 Ind. 393. A notice, however, is not waived where the parties enter a special appearance and move to dismiss the proceedings for want of notice, and that is substantially what was done by some of the appellants in this case. There can, therefore, be no affirmance of the judgment on the ground that there was a waiver of notice, as to the parties who thus appeared and objected to notice. The question as to the sufficiency of the notice affects only those who did not waive it, for those who appeared without objection can not now successfully urge its insufficiency. Some of these appellants did, however, seasonably object, and as to them the question remains whether or not the subsequent proceedings cured the error in the original notice; but as to those who did not object, the judgment must be affirmed without further inquiry. *Updegraff* v. *Palmer*, 107 Ind. 181; *Higbee* v. *Peed*, 98 Ind. 420; *Bradley* v. *City of Frankfort*, 99 Ind. 417.

After the reference of the petition to the commissioners they reported that proper notice had not been given, and the court thereupon ordered another notice to be given. This notice included all of these parties except Thomas Stanford.

After this notice had been given, he, in conjunction with other parties, filed a motion to dismiss the proceedings, and assigned in support of the motion these grounds:

1st. Because there was no affidavit showing the posting of notices.

2d. Because no notice was ever given of the filing of the petition.

3d. Because all of the lands described in the additional notice were described in the petition.

·4th. Because the additional notice was not posted in three public places.

5th. Because notice was not given to some of the land-owners affected by the proceedings.

If this motion had been by Thomas Stanford alone, and had been followed by a separate assignment of errors, it would, perhaps, have entitled Thomas Stanford to a reversal; but it was a joint motion, followed by a joint assignment of errors, and as the motion was not well taken as to all who joined in it, there was no substantial error in overruling it, but if there had been it would not be available on a joint assignment of errors. We say the motion and assignment are joint, because Mary Stanford, Eli Keffer and another joined in it, and as the motion was not valid as to all of them, there was no error in overruling it.

The fact that one or more land-owners were not notified did not vitiate the proceedings as to those who were properly notified. *Grimes* v. *Coe,* 102 Ind. 406; *Town of Rensselaer* v. *Leopold,* 106 Ind. 29.

Proof of the posting of notices need not necessarily be made by affidavit, but may be made in any other legal method. *Meranda* v. *Spurlin,* 100 Ind. 380. It was not essential, therefore, that the record should contain affidavits proving the posting of notices.

As the motion presented a question for the decision of the court below, and as there is nothing in the record showing that the decision was wrong, we must presume that it was correct. It is a familiar rule that all reasonable presumptions will be made in favor of the rulings of the trial court, and this rule requires us to hold that the judgment of the court was sustained by sufficient evidence. Although there was no express or formal judgment declaring the notice sufficient, still, the judgment involved that question and settles it without any formal declaration to that effect. *Updegraff* v. *Palmer, supra; Jackson* v. *State, etc.,* 104 Ind. 516; *Carr*

v. *State, etc.,* 103 Ind. 548; *Platter* v. *Board, etc.,* 103 Ind. 360; *Cauldwell* v. *Curry,* 93 Ind. 363.

As we have seen, the statute requires that notice of the filing of the petition shall be given, and this was the effect of the second notice, and it was one which the court had a right to direct, for we think there can be no doubt of the right of the court to order notice to be given where it is discovered that a notice previously given was not sufficient, provided there is no unreasonable delay and no substantial rights are prejudiced. Here, there was no unreasonable delay and no injury was done the appellants, for they were not in any manner misled.

The appellant Heiney was the petitioner, and he is in no situation to complain of the notice. The principle declared in *Sunier* v. *Miller, supra,* makes it clear that he can not avail himself of a defect in the form of the notice, nor successfully object to the manner in which it was proved.

Heiney moved to dismiss the proceedings, but his motion was overruled, and of this ruling he complains in a separate assignment of errors. Prior to the time this motion was made, the drainage commissioners had filed a report and an order was made approving the assessment. Subsequently, Heiney joined the drainage commissioners in a petition to vacate the report and order, representing that owners of lands benefited were not made parties. On this second petition an order was made vacating the former order, and directing that notice be given to those persons owning lands omitted from the first petition, and those persons came in and entered an appearance. This motion came too late. Rights had been acquired and money expended on the faith of the order made upon the first report, and justice requires that a petitioner should not be allowed to destroy rights which his own act had been the means of creating. The case is not at all like that of an ordinary civil action, for, in such a proceeding as this, the public and many persons have a common interest, and he who sets on foot the proceedings can not be

permitted to end it to the injury of the public and others, by dismissing the petition.    This is the doctrine held in *Crume* v. *Wilson*, 104 Ind. 583, and it rules this case.

There is no question of estoppel presented, except as to Heiney, although it is intimated in appellees' brief that the appellants are all estopped.    We have no doubt that there are cases where a property-owner is estopped to question the validity of such proceedings as these, and we think that Heiney is barred, on the ground of estoppel, from impeaching the validity of the proceeding, but we do not think any of the other appellants are.

Judgment affirmed, with costs.

Filed Nov. 20, 1886.