## CONRAD ET AL. *v.* HANSEN ET AL.

[No. 21,117.   Filed October 9, 1908.]

1. APPEAL.—*Highways.—Notice.—Objections.—Specificness.*—A motion to set aside a highway notice given by the county auditor on the ground that "said notice posted and published was insufficient in law, for the reason that it did not set out a full copy of the petition filed in said cause" is not sufficiently specific to present any question on appeal, the real objection being that the names of the petitioners were not set out in the copy in the notice.   p. 45.

2. HIGHWAYS.—*Notice.—Sufficiency.*—The failure of a county auditor to attach the names of the highway petitioners to the notice of the filing of such petition does not invalidate the notice.   p. 47.

3. SAME. — *Notice. — Defects. — Harmless Error.—Appeal.*—Under §7705 Burns 1908, Acts 1905, pp. 521, 548, §57, providing that no person shall take advantage of any defect or error in highway proceedings "unless the party complaining is affected thereby," persons appearing are not injuriously affected by the county auditor's omission of the petitioners' names from the notice given of the filing of the petition.   p. 47.

4. PLEADING.—*Demurrer.—Form of.*—Causes for demurrer must be alleged substantially in the language of the statute.   p. 48.

   HIGHWAYS.—*Petition.—Statutes.—Theory of Action.*—Where an amendment to a highway improvement petition alleged that "there are fewer than seventy-five freehold voters in said township," the remonstrance alleging that the petition was not signed by fifty freehold voters, the court finding against the remonstrants on such issue, it sufficiently appears that the proceeding was brought and tried under the highway act of 1905 (Acts 1905, p. 521) providing that such petitions must be signed by at least fifty freehold voters, and not under the act of 1903 (Acts 1903, p. 294) providing that if any township contained fewer than seventy-five freehold voters the petition must be signed by one-half or more thereof, which was repealed by said act of 1905.   p. 48.

6. SAME.—*Petition.—Number of Signers.—Surplusage.*—A highway improvement petition need not state that it was signed by the required number of voters; and such an allegation is surplusage.   p. 49.

7. SAME.—*Remonstrance.*—It is harmless to strike out a highway improvement remonstrance alleging that the notice given by the county auditor is insufficient and that the petition is defective, where such notice and petition are sufficient.   p. 49.

8. New Trial.—*Grounds for.*—*Motion to Strike Out Notice.*—*Highways.*—The overruling of a motion to strike out the notice of the pendency of a highway improvement petition is not a ground for a new trial. p. 50.

9. Same.—*Evidence.*—*Exclusion of.*—*How Assigned.*—An assignment in a motion for a new trial that "the court erred in refusing to permit the defendants to show that * * * the same parties who signed the [highway improvement] petition in this cause filed another petition for a gravel road over the same route, upon which petition appear the same names as appear upon this petition," presents no question, not being sufficiently specific. p. 50.

10. Appeal.—*Briefs.*—*Waiver.*—Points not discussed are waived. p. 51.

11. Same.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting oral evidence. p. 52.

12. Highways.—*Freeholders.*—*Tenants in Common.*—Each tenant in common of a tract of land is a "freeholder" within the highway improvement law of 1905 (Acts 1905, p. 521), and the fact that a former law may have had a different provision on such subject cannot control such later act. p. 52.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Highway improvement petition by Charles Hansen and others, against which Platt M. Conrad and others remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*T. B. Cunningham,* for appellants.

*Herman C. Rogers, Dallas C. Rogers, Abraham Halleck,* and *U. Z. Wiley,* for appellees.

Monks, J.—This proceding was brought by appellees before the Board of Commissioners of the County of Newton in October, 1906, for the improvement of certain public highways in Lake township in said county by taxation under the act of 1905 (Acts 1905, p. 521, §§62-83, §§6788-6800, 6802-6804, 6806-6811 Burns 1905).

Appellants appeared before said board and filed motions and a remonstrance, which were, after a hearing by said board, overruled, and an engineer and viewers appointed as provided in §7715 Burns 1908, Acts 1905, p. 521, §66.

Such proceedings were had that said board of commissioners ordered an election, at which a majority of the votes cast were in favor of the improvement of said highways, and the board thereupon made an order establishing said work, as required by §6796, *supra*. From this judgment appellants appealed to the court below, where, upon a trial of said issues *de novo,* said court found in favor of appellees, entered a final judgment thereon, and an order referring the case back to the board of commissioners, with directions how to proceed, as provided in §6863 Burns 1905, Acts 1905, p. 521, §123.

In the court below the appellants renewed their motion, made before the board, to set aside the notice given by the auditor of the filing of the petition and the day on 1. which it would be heard, on the ground, stated in said motion, "that said notice posted and published was insufficient in law, for the reason that it did not set out a full copy of the petition filed in said cause."

Section 6789, *supra,* makes it the duty of the county auditor to give notice, "setting forth a copy of such petition, and the day upon which the same will be presented to such board of commissioners."

It is not stated in said motion in what respect the petition set out in the notice was not a full copy of the petition filed in the cause. In this court appellants claim that it is not a "full copy" because "the names signed to said petition are not set out in said notice." Whether the omission of the names of the petitioners from the notice was pointed out by appellants before the board of commissioners and in the circuit court in aid of the ground set out in said motion, or as an independent reason for said motion, is not shown by the record. It does not appear from the record that the attention of said courts was called to said omission.

It is a well-settled rule that objections must be specifically stated. As said in Elliott, App. Proc., §770: "Specification

of the particular grounds or reasons upon which a party asks a court to make a ruling in his favor is necessary * * * to prevent a violation of the * * * subsidiary doctrine that a party cannot urge one point in the trial court and another on appeal." In Elliott, App. Proc., §775, it is said: "The particular grounds of objection must be stated to the trial court and the same grounds of objection brought before the appellate tribunal by the record." See, also, Elliott, App. Proc., §777.

In the class of cases to which this belongs, it has also been held that grounds of objection must be set forth specifically, and not in general terms, or no question is presented. *Meranda* v. *Spurlin* (1885), 100 Ind. 380, and cases cited; *Higbee* v. *Peed* (1884), 98 Ind. 420; *Anderson* v. *Baker* (1884), 98 Ind. 587; *Updegraff* v. *Palmer* (1886), 107 Ind. 181, 183, and cases cited; *Osborn* v. *Sutton* (1886), 108 Ind. 443, 447; *Northern Ind. Land Co.* v. *Tyler* (1908), 170 Ind. 468, and cases cited.

In *Higbee* v. *Peed, supra,* the court, in speaking of the rule that the particular cause of the objection should be set forth specifically, said at page 422: "To adopt any other practice would be to increase the liability of error in records on appeal to this court, and necessitate the reversal of judgments upon questions not presented below, and to which the attention of the trial court has been in no way directed." If what is now urged in this court, so far as we know for the first time—that the names of the persons signed to the petition were not set out in the notice—had been inserted in said motion to set aside said notice as a ground therefor, the rule before stated would have been complied with, and the record would show, as the rules of appellate procedure require, that the objection urged here had been presented, considered and ruled upon by the court below.

Waiving this question, however, we shall consider the sufficiency of the notice, on the ground urged in this court

"that the names signed to the petition were omitted 2. from the notice given by the auditor." The notice 'given by the auditor contains enough of the petition to notify the taxpayers of the taxing district that such a proceeding has been commenced before the board of commissioners of the county, the public highways to be improved thereby, the character of the improvement, under what statute made, and the day when the petition would be presented to the board of commissioners. This is as much as, if not more than, the law and public policy of the State require the notice to contain. §§321, 7705, 7712, 7714 Burns 1908, §317 R. S. 1881, Acts 1905, p. 521, §§57, 65, Acts 1907, p. 137; *Jones* v. *Kohler* (1894), 137 Ind. 528, 531, 532.

But, even if the auditor committed an error by not including in said notice the names signed to the petition, 3. said appellants, under §7705, *supra,* cannot take advantage thereof, because they are not injuriously affected thereby. *Dewey* v. *State, ex rel.* (1883), 91 Ind. 173, 179-181; *Million* v. *Board, etc.* (1883), 89 Ind. 5, 16, 17; *Poundstone* v. *Baldwin* (1896), 145 Ind. 139, 144. On the day set for the hearing of said petition before the board of commissioners, appellees, by leave of said board, filed a separate paper amending said petition, stating the width of the highways to be improved to be fifty-four feet, giving the names by which they were known, alleging that "there are fewer than seventy-five freehold voters in said Lake township, and that the highways sought to be improved are all regularly and legally established highways in said township."

Appellants on the same day filed a demurrer[1] to the amend-

---

1. The grounds of demurrer were as follows:

    "First: That said petition is not sufficient in form to entitle the petitioners to the relief prayed for.

    Second: That said petition is insufficient in substance to entitle the petitioners to the relief prayed for.

    Third: That said petition does not set forth the beginning, course and termination of each highway, the character of the

ed petition, which was overruled by the board of commissioners. In the court below this demurrer was overruled, to which appellants excepted. This ruling is challenged by the assignment of errors. No error was committed by the court in overruling said demurrer, for the reason that the grounds of demurrer assigned are unknown to our law. §344 Burns 1908, §339 R. S. 1881; *Kemp v. Mitchell* (1867), 29 Ind. 163; *Cincinnati, etc., R. Co. v. Washburn* (1865), 25 Ind. 259; *Campbell v. Campbell* (1889), 121 Ind. 178, 179, and cases cited; *Grubbs v. King* (1889), 117 Ind. 243, 245, 246, and cases cited; *Martin v. Martin* (1881), 74 Ind. 207; *White v. Sun Publishing Co.* (1905), 164 Ind. 426, 427, and cases cited; *Tenbrook v. Brown* (1861), 17 Ind. 410; *Porter v. Wilson* (1871), 35 Ind. 348; *Gordon v. Swift* (1872), 39 Ind. 212, and cases cited; *State v. Katzman* (1903), 161 Ind. 504, 506, and cases cited; 1 Thornton's Civil Code, §110; 1 Woollen, Trial Proc., §1548.

Appellants, however, have in their assignment of errors called in question the sufficiency of the petition. It is urged that the petition is insufficient because it "seeks to bring the proceeding under the highway act of 1903 (Acts 1903, p. 294), which was repealed by the highway act of 1905, *supra* (*Findling v. Foster* [1908], 170 Ind. 325), and that they will be held to this theory of their petition."

Said act of 1903 provides that when a township has not to exceed seventy-five freehold voters, the petition for the improvement in such township is sufficient if signed by one-half or more of said freehold voters. Appellants claim that, as said amendment to the petition alleges that "there are fewer than seventy-five freehold voters in said township,"

improvement to be made, nor the width of said highway or whether or not said highways are not already established.

Fourth: That said petition does not state facts sufficient in law to entitle the petitioners to the relief prayed for."—Reporter.

appellees must have intended said proceeding to be under said act of 1903.

It may be conceded that, under the rule declared in *Findling* v. *Foster, supra,* the act of 1903, *supra,* was repealed by the act of 1905, *supra.* It is true also that when a case has been tried in the court below upon a certain theory that theory must be adhered to on appeal. *Oölitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639.

The record, however, shows that the court below did not try the case upon the theory that the proceeding was under said act of 1903, but upon the theory that it was under said act of 1905; for it was alleged in the remonstrance filed by appellants that the petition was not signed by fifty freehold voters of said township, and the court found against appellants on said issue, that the petition was signed by fifty freehold voters of said township, as required by said last-named act. Said petition was sufficient before it was

6. amended under the rule declared in *Hall* v. *McDonald* (1908), *ante,* 9, and the amendment did not render it insufficient. The allegation concerning the number of freehold voters was mere surplusage, and must be disregarded, as it was by the court below.

Appellants filed before the board of commissioners, on the day set for the hearing of the petition, a remonstrance setting forth four grounds therefor. In the court below

7. appellees' motion to strike out each of said grounds of remonstrance was sustained as to the first and second and overruled as to the third and fourth. The ruling of the court in sustaining said motion as to the first and second grounds of remonstrance is called in question by the assignment of errors. Said first and second grounds of remonstrance attempt to present the questions of the sufficiency of the notice and the sufficiency of the amended petition. Whether they were sufficiently specific to present said questions we need not determine, because, if they were suffi-

cient to present said questions, the action of the court in sustaining said motion to strike them out was harmless, because said notice and amended petition were, as we have already held, sufficient.

Appellants insist that the court erred in overruling their motion for a new trial. The first ground assigned in said motion[1] is not a cause for a new trial, and is not therefore considered. The second cause assigned is that "the court erred in refusing to permit the defendants to show that on May 6, 1906, the same parties who signed the petition in this cause filed another petition for a gravel road over the same route, upon which petition appear the same names as appear upon this petition." It is settled law in this State "that causes for a new trial should be assigned with clearness, certainty, precision and particularity," and this rule has been strictly adhered to by this court. *Marsh* v. *Terrell* (1878), 63 Ind. 363; *Reese* v. *Caffee* (1892), 133 Ind. 14, 16, 17, and cases cited; *Thrawley* v. *State* (1899), 153 Ind. 375, 381, 382; *Hellonville Mfg. Co.* v. *Fields* (1894), 138 Ind. 58, 65, 66, and cases cited; *Coryell* v. *Stone* (1878), 62 Ind. 307, 311; *Louisville, etc., R. Co.* v. *Thompson* (1886), 107 Ind. 442, 454, 57 Am. Rep. 120; *Staser* v. *Hogan* (1889), 120 Ind. 207, 213-216; *Evans* v. *State* (1879), 67 Ind. 68, 70; *Crowder* v. *Reed* (1881), 80 Ind. 1, 6, 7; *Stout* v. *State* (1883), 90 Ind. 1, 4, 5; *Elliott* v. *Russell* (1884), 92 Ind. 526, 529; *McClain* v. *Jessup* (1881), 76 Ind. 120.

It was said in *Ball* v. *Balfe* (1872), 41 Ind. 221, 228: "The motion for a new trial should have specified the evidence which it was claimed was improperly admitted or re-

---

1. The first reason assigned in the motion for a new trial was as follows:

    "First—The Court erred in overruling defendants' motion to strike out the notice given by the plaintiffs as to the pendency and filing of the petition filed in the Commissioners Court of Newton County."—Reporter.

jected. It should name the document or witness and the part of his testimony which was improperly received or disallowed.''

In *Reese* v. *Caffee, supra,* it is said: ''The rule is that the cause assigned for a new trial must be sufficiently definite and specific as not to impose upon either the trial or appellate court the task of searching the record for the alleged erroneous ruling.''

Said second cause for a new trial does not comply with the rule declared in the cases cited. It does not name the document by which, or the witness by whom, appellants offered to prove the matters alleged therein, or whether the evidence excluded was oral or documentary. It is evident, under the authorities cited, that said cause for a new trial is not sufficiently certain and specific to present any question.

Two other causes are assigned for a new trial: ''The decision of the court is not sustained by sufficient evidence, and the decision of the court is contrary to law.''

The issues tried upon the third and fourth grounds of remonstrance were whether said petition was signed by fifty or more freehold voters of said township, and whether there was a conspiracy on the part of the petitioners, or some of them, to make fifteen of their number freeholders by procuring the conveyance to them of a certain lot in Lakeville, in said township, and thereby qualifying them to be petitioners, under an agreement on the part of said grantees that they would sign said petition, and ''thereby, with the other signers of said petition, give the board of commissioners jurisdiction of said proceedings.''

10. No question is made in this court as to the sufficiency of the fourth ground of remonstrance, and we have not considered that question.

The evidence under the issues in the cause, especially the one involving the charge of conspiracy, was of such a char-

Conrad *v.* Hansen—171 Ind. 43.

acter as to require the trial court to consider and 11. pass upon the credibility of the witnesses and. the weight of their testimony, and to draw inferences therefrom. In such a case, even if the nature of the evidence is such that different persons might reasonably arrive at a different conclusion from that reached by the trial court, the finding cannot be set aside for that reason. The rule that this court cannot weigh the evidence is clearly applicable here. *American Varnish Co.* v. *Reed* (1900), 154 Ind. 88, 91; *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 158 Ind. 189, 195; *Lee* v. *State* (1901), 156 Ind. 541, 546; *Rownd* v. *State* (1898), 152 Ind. 39, 44, 46.

It is next contended by appellants that when real estate is owned by two or more persons as tenants in common, or as joint tenants, that they can be counted only as one 12. freeholder under the law under which this proceeding was brought. If this contention is correct, the petition in this case was not signed by fifty freehold voters of said township.

There is nothing in the highway act of 1905, *supra,* to which our attention has been called, which authorizes any such construction. The fact that a former gravel road law, now repealed, may have had some provision to that effect, cannot control the construction of said act of 1905, when there is no such provision contained in it.

It follows that the court did not err in overruling the motion for a new trial.

Judgment affirmed.