## WOODRING ET AL. *v.* BROWN ET AL.

[No. 3,931.    Filed November 21, 1901.]

APPEAL AND ERROR.—*Record.—Motion to Dismiss.*—The failure of the trial court to pass upon a motion to dismiss an appeal from an order of the board of commissioners establishing a highway will not be reviewed on appeal where the motion is not brought into the record by bill of exceptions. *p. 623.*

SAME.—*Presumptions.*—When the record recites that "the court being well advised in the premises" sustains a motion for a finding against the petitioners, and the evidence is not in the record, it will be presumed that evidence was heard which would sustain the court's ruling. *pp. 623, 624.*

HIGHWAYS.—*Establishment.—Appeals.*—The circuit court has power to dismiss an appeal from an order of the board of commissioners establishing a highway or send it back to the board with an order how to proceed. *p. 624.*

From Madison Circuit Court; *J. F. McClure,* Judge.

Proceeding by Andrew J. Woodring and others for the establishment of a highway to which Samuel P. Brown and others remonstrated. From a judgment against the petitioners on appeal from an order of the board of commissioners establishing the highway, petitioners appeal. *Affirmed.*

*O. N. Cranor* and *F. Mann,* for appellants.

*T. Bagot, A. Ellison* and *C. K. Bagot,* for appellees.

PER CURIAM.—This was an appeal by remonstrants to the Madison Circuit Court from an order of the boards of commissioners of Delaware and Madison counties establishing a highway in those two counties.

Woodring *v.* Brown.

It is assigned as error that the court erred in taking and assuming jurisdiction of the cause over appellants' objection and motion, in the absence of an appeal bond; that the court erred in failing to act upon appellants' motion to dismiss the appeal, and that the court erred in sustaining the motion of appellees to render a finding against appellants and by dismissing the action and rendering judgment against appellants for costs.

When the cause came up in the circuit court we find this record entry: "The parties by counsel come and the petitioners file their motion to dismiss this proceeding, which motion is in the words and figures following, to wit: (Here insert)". It does not appear that any ruling was ever made on this motion, and as the motion itself has not been brought into the record by bill of exceptions or otherwise we have no means of knowing the grounds of the motion. As the record stands, no error can be predicated upon the court's failure to pass upon the motion.

It appears by bill of exceptions that appellees filed their written motion for a finding against the petitioners (appellants) on the ground that more freeholders residing along the proposed highway to be located in Madison county had remonstrated against granting the prayer of the petition than had petitioned for the highway, and that a majority of the freeholders residing along the proposed highway in Madison county "are owners of more than one-half of the real estate abutting thereon in said county, have remonstrated against granting the prayer of said petition by proper remonstrance filed in due time with the board of commissioners of said county, all as shown by and set forth in the proceedings before said board as shown by the transcript herein and as shown, set forth, and specified in the duly verified remonstrance set forth and shown by and accompanying said transcript." The record recites that "the court being well advised in the premises" sustains the motion for a finding against the petitioners. "It is therefore ordered

and adjudged by the court that this cause be and the same is hereby dismissed, and that the petitioners pay the costs and charges of the proceedings." As the record recites that the court was "well advised" it will be presumed that the evidence was heard which would sustain the court's conclusion. The evidence has not been brought into the record. No motion for a new trial was made.

The court had the right to make a final disposition of the case, or send it back to the board with an order how to proceed. It had the power to dismiss the appeal, or, upon a proper showing, to dismiss the action. No motion was made to modify the judgment in any respect. §7865 Burns 1901; *Sharp* v. *Malia,* 124 Ind. 407; *Hardy* v. *McKinney,* 107 Ind. 364; *Sunier* v. *Miller,* 105 Ind. 393.

Judgment affirmed.