Filed Oct. 12, 1888.

———————————

No. 12,822.

HUDSON ET AL. *v.* BUNCH ET AL.

DRAINAGE.—*Assessment.—Lands in Another County.—Jurisdiction.*—The court of the county in which the petitioner for drainage resides and where the proceeding is commenced, has jurisdiction and authority to establish a ditch extending into another county, and to make assessments against lands situate in such other county.

SAME.—*Report of Commissioners.— Remonstrance.— Practice.*—In a remonstrance against the report of drainage commissioners it is not sufficient to use the general terms of the statute that " the report is not according

to law," and such a remonstrance presents no issue for trial. The particulars in which it is claimed that the report is in that respect defective must be specified.

From the St. Joseph Circuit Court.

*J. D. McLaren, E. C. Martindale, S. J. Hays* and *W. G. George,* for appellants.

*L. Hubbard* and *A. Anderson,* for appellees.

Howk, J.—On the 7th day of February, 1883, appellee Bunch and eleven other persons filed in the office of the clerk of the court below their petition, duly verified, praying for the location and construction of a certain ditch or drain. It was alleged by the petitioners that such ditch or drain would benefit their lands, but could not be constructed " in the best and cheapest manner without affecting other lands" in St. Joseph and Marshall counties. Such petition was so filed under and pursuant to, and in apparent conformity with, the provisions of section 4274, R. S. 1881, in force at the time; and it was averred therein, among other things, that the drainage prayed for would promote the public health, would benefit three public highways therein described, and would be of public utility. Such proceedings were afterwards had on such petition as that, on the 15th day of January, 1885, final judgment was rendered by the court below for the construction of the aforesaid ditch or drain as therein prayed for, and for the confirmation of the assessments of benefits theretofore made to pay the costs of such construction.

On the 12th day of January, 1886, the remonstrants below and appellants here filed in this court a transcript of the record of this cause, with a large number of alleged errors endorsed thereon, and an elaborate and able brief discussing the various questions presented by such errors. Thereafter it was shown to this court by appellees, that, upon their motion, and due notice thereof to appellants, the court below had caused the record of this cause to be amended and corrected in some important particulars; and thereupon, by writ of

*certiorari,* such amended and corrected record was brought here on this appeal.

Many of the alleged errors of which appellants' counsel complained in their brief of this cause, were obviated or shown not to exist by the amended record subsequently filed herein, and such errors, of course, we need not notice further in this opinion. This conclusion practically disposes of the questions presented, or intended to be presented, by the first nine errors assigned by appellants on the record originally filed by them on this appeal, and especially so, we think, as their learned counsel have filed no further brief herein since the record bearing on those questions was amended below, and such amended record was brought into this court on the appeal herein.

The tenth error of which appellants complain is assigned as follows: "That the St. Joseph Circuit Court had no jurisdiction in this cause to assess and adjudge and confirm assessments for drainage against appellants' lands, situate in Marshall county, Indiana."

The jurisdictional question intended to be presented here by this assignment of error, has been decided by this court adversely to the appellants herein in a number of cases, wherein it has been held that the court of the county in which the petitioner resides and the proceeding is commenced, has jurisdiction and authority to establish a ditch extending into another county. *Shaw* v. *State, etc.,* 97 Ind. 23; *Crist* v. *State, ex rel.,* 97 Ind. 389; *Buchanan* v. *Rader,* 97 Ind. 605; *State, for use of, etc.,* v. *Turvey,* 99 Ind. 599; *Meranda* v. *Spurlin,* 100 Ind. 380; *Updegraff* v. *Palmer,* 107 Ind. 181. Upon the authority of the cases cited, it must be held in the cause now before us that the St. Joseph Circuit Court had jurisdiction and authority to assess appellants' lands, situate in Marshall county, with the cost of drainage, and to confirm by its judgment assessments made thereon under its order and direction.

Appellants next complain of the alleged error of the court below in overruling their motion for a new trial. In this motion the only causes assigned for such new trial were (1) that the finding of the court was contrary to law, (2) that the finding of the court was not sustained by sufficient evidence, and (3) for alleged error of law occurring at the trial and excepted to by appellants, in that the court refused, upon appellants' demand, to submit to a jury the trial of the issue tendered by the first cause assigned in their remonstrance herein, namely : " That the report of the commissioners is not according to law."

The first two of these causes for a new trial present here a single question, which may be thus stated : Is there legal evidence in the record of this cause which fairly sustains, or tends to sustain, the finding of the court below on every material point ? If this question must be answered in the affirmative, and from our examination of the evidence we think it must, it is certain that, under our decisions, it can not be held here that the court erred in overruling appellants' motion for a new trial, for the first two causes assigned therefor. This court will not weigh the evidence, nor attempt to determine its preponderance either for or against the finding of the trial court. *Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73 ; *Cornelius* v. *Coughlin,* 86 Ind. 461 ; *Beck* v. *Bundy,* 92 Ind. 145 ; *Allyn* v. *Allyn,* 108 Ind. 327 ; *Kopelke* v. *Kopelke,* 112 Ind. 435 ; *Spear* v. *Whitsett,* 115 Ind. 160.

The third cause assigned for a new trial is not a proper cause for a new trial, and presents no question here. The first cause of remonstrance assigned by appellants tendered no issue for trial. It was too indefinite for any purpose. In a remonstrance against the report of the commissioners it is not sufficient to use the general terms of the statute that " the report is not according to law." The remonstrance must specify the particulars in which it is claimed that the report is not according to law. *Higbee* v. *Peed,* 98 Ind. 420 ; *Ander-*

*son* v. *Baker,* 98 Ind. 587; *Meranda* v. *Spurlin, supra; Osborn* v. *Sutton,* 108 Ind. 443.

Some other matters are complained of here as erroneous on behalf of appellants; but, in every instance, these have been substantially obviated or shown not to exist by the amended record of this cause, and we need not consider them.

After a thorough examination of the record as amended, we have not found, nor have appellants' counsel pointed out, any error therein which, in our opinion, authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Oct. 24, 1888.