### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## WESTERN DIVISION

## JACKSON, APRIL TERM, 1915.

*In re* FORKED DEER DRAINAGE DISTRICT.

*(Jackson.*  April Term, 1915.)

1. **DRAINS.** Drainage districts.  County courts.

Laws 1909, chapter 185, as amended by Laws 1915, chapter 61, provides that, where lands included in a drainage district shall lie in several counties, the county court of any one of the counties has jurisdiction to create and establish such district without the necessity of resorting to the county courts of other counties for concurrent or ancillary action.  Constitution article 2, section 29, declares that the General Assembly shall have power to authorize the several counties and incorporated towns to impose taxes for county and corporation purposes. *Held*, that the constitutional provision applies only to taxes, and not to special assessments;  hence the legislature could validly give the county court jurisdiction over proceedings to establish a drainage district lying in several counties, since in the absence of restriction, the legislature's power is plenary, and drainage districts, being governmental agencies, need not coincide with county lines.  (*Post, pp.* 687, 688.)

(684)

In re Drainage District.

Acts cited and construed:   Acts 1909, ch. 185;   Acts 1915, ch. 61.

Cases cited and approved:   State ex rel. v. Powers, 124 Tenn., 553;
Arnold v. Knoxville, 115 Tenn., 195;   Smith v. Carter, 131
Tenn., 1.

Constitution cited and construed:   Sec. 29, art. 2.

2.   **DRAINS.   Power to establish.**

In the absence of restriction, the legislature has plenary power
over the establishment of drainage districts.   (*Post, pp.* 688, 689.)

Cases cited and approved:   People v. Sacramento Drainage Dist.,
155 Cal., 373;   State ex rel. v. Cummings, 130 Tenn., 566.

3.   **DRAINS.   Drainage district.   Nature of.**

A drainage district is a governmental agency to which power to
levy special assessments may be properly delegated.   (*Post,
pp.* 689-690.)

Cases cited and approved:   Bryant v. Robbins, 70 Wis., 258;   Mar-
tin v. Tyler, 4 N. D., 278;   Christ v. State ex rel. Whitmore, 97
Ind., 389;   Hudson v. Bunch, 116 Ind., 63.

Cases cited and distinguished:   Hagar v. Reclamation District,
111 U. S., 701;   Reclamation District v. Hagar, 66 Cal., 54;   Shaw,
v. State, 97 Ind., 23.

---

FROM GIBSON

---

Appeal from the Circuit Court of Gibson County.—
THOMAS E. HARWOOD, Judge.

DEASON, ELDER & HOLMES, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

A petition was filed in the county court of Gibson
county, seeking to have created a drainage district

for the improvement of lands along the middle fork of the Forked Deer river in the counties of Madison, Gibson, and Crockett, the procedure being that set forth in Act 1909, chapter 185, as amended by Act 1915, chapter 61.

The county court held that it was without jurisdiction and power in the premises, and declined to act. On appeal to the circuit court this ruling was upheld.

The amendatory act of 1915 undertook to prescribe an additional method of procedure, and to give the county court of any one of the counties, in which such district might in part be located, jurisdiction to create and establish such a district without the necessity of resorting to the county courts of the other counties for concurrent or ancillary action.

The adverse judgments of the lower courts were based on the idea that, because some of the tracts of land sought to be included in the proposed district lay wholly in Crockett or Madison county, and were owned by residents of these counties, it was not constitutionally competent for the legislature to impose on the court of a single county the duty of creating and establishing the proposed district.

The amendatory act undertakes to vest in such court full power to appoint a civil engineer, viewers to assess damages, commissioners to make assessments and apportion the same on the lands affected, all as fully as if the district lay entirely within one county, and also to provide that such court may make

the final assessments on the lands in all of the counties, the assessment sums to be collected by the county trustees of the several counties so far as there were affected lands lying in their respective counties, and, when collected, to pay out the same on warrants to be drawn by the judge or chairman of such court. The assessments are made liens upon the lands.

Is it within the power of the legislature, under the constitution, to vest in a single county court the powers thus attempted to be granted?

The original act of 1909, chapter 185, was under review in *State ex rel.* v. *Powers,* 124 Tenn., 553, 137 S. W., 1110, and there upheld as constitutional.

One ground of attack on the original act in that case was that it was violative of article 2, section 29, of the constitution, which provides:

"The general assembly shall have power to authorize the several counties and incorporated towns in this State, to impose taxes for county and corporation purposes respectively, in such manner as may be prescribed by law; and all property shall be taxed according to its value, upon the principles established in regard to State taxation."

The court held that the act made provision for the levying of special assessments, and not of "taxes" within the meaning of that word in this constitutional provision, following *Arnold* v. *Knoxville,* 115 Tenn., 195, 90 S. W., 469, 3 L. R. A. (N. S.), 837, 5 Ann. Cas., 881, in distinguishing special improvement assessments from taxes.

In respect of taxes, proper, we have a line of cases holding distinctly that the power to levy taxes can be delegated by the legislature only to counties and incorporated towns. *Smith* v. *Carter*, 131 Tenn., 1, 173 S. W., 430, and cases therein cited.

The case of *Smith* v. *Carter* involved an effort to invest a power to tax in a board of commissioners of a road improvement district who were not agencies of a county; the proposed district being composed of fractional parts of two counties. In the instant case we do not have to deal with a delegation of the taxing power proper; if so, the doctrine of *Smith* v. *Carter* would compel an affirmance of the judgment below. In such case the constitutional provision is specific, clearly applicable and inhibitory.

But we conceive that the case is different where the power involved is that of levying and collecting special assessments. We know of no constitutional provision which qualifies or interdicts the power of the legislature in that regard. If there is not, the power is plenary.

Such drainage districts are governmental agencies, and the powers respecting such are properly to be delegated to counties or to any other body the legislature may see fit.

It would be entirely competent for the legislature directly to delimit a body of lands and appoint commissioners to perform all the requisite functions that are usually delegated, and performed by assessors and commissioners chosen by the people of the district or

some local authority. *People* v. *Sacramento Drain-
age District,* 155 Cal., 373, 103 Pac., 207; *State ex rel.*
v. *Cummings,* 130 Tenn., 566, 172 S. W., 290, L. R. A.,
1915D, 274.

"In fact, historically, such was the original method
adopted when, in the reign of Henry VIII, the first
statute was passed providing for the construction of
sewers, drains, and other improvements designed to
reclaim swamp lands (St. 23 Hen., VIII, chapter 5, par.
1 [1531]), and such is the method still adopted in
many of the States of this nation. It is in accord with
the progressive spirit of our government to give to
the people, or any part of them, the largest possible
control in matters peculiarly affecting them and their
interests. It is a concession to this spirit, and not the
compulsion of the law, which prompts the legislature
to give the landowners so large a voice in the manage-
ment of these affairs." *People* v. *Sacramento Drain-
age District,* supra.

The power to construct drainage canals when dele-
gated because of such considerations, need not be
devolved on a county or a municipality; it may be
conferred, along with the power to specially assess
therefor, upon any person or body upon which the
legislature may see fit to grant it. *Bryant* v. *Robbins,*
70 Wis., 258, 35 N. W., 545; *Martin* v. *Tyler,* 4 N. D.,
278, 60 N. W., 392, 25 L. R. A., 838; 9 R. C. L., 620, 642.

"The fact that the lands may be situated in more
than one county cannot affect the power of the State

133 Tenn. 44

to delegate authority for the establishment of a reclamation district to the supervisors of the county containing the greater part of the lands. Such authority may be lodged in any board or tribunal which the legislature may designate." *Hagar* v. *Reclamation District*, 111 U. S., 701, 4 Sup. Ct., 663, 28 L. Ed., 569; *Reclamation District* v. *Hagar*, 66 Cal., 54, 4 Pac., 945; *Shaw* v. *State*, 97 Ind., 23.

The fact that lands affected and assessed for the construction of a ditch lie in two or more counties does not affect the authority and duties of the commissioners appointed by the court of the county where the proceedings were instituted to construct the ditch in its entirety, and assess all lands affected, whether in that or adjoining counties, in accordance with a drainage law under which the ditch is established. *Crist* v. *State ex rel. Whitmore,* 97 Ind., 389; *Hudson* v. *Bunch,* 116 Ind., 63, 18 N. E., 390.

The county court is to be considered, therefore, as the delegate of the State. On it is imposed a special authority, conferred for a special purpose, beyond those exercised by it ordinarily and within the limits of the county for which it sits. This special authority comes from the State, the power of which, touching the subject-matter, is not limited, or embarrassed in execution, by county lines.

Finding error in the judgment of the circuit court, it is reversed, with a remand for further proceedings in accord with what is herein ruled.