S. E. MILLER *et al. v.* WASHINGTON COUNTY *et al.*[*]

(*Knoxville.* September Term, 1920.)

1. HIGHWAYS. Under statute commission empowered to bring action and employ attorney.

Washington County Good Roads Commission, being a *quasi*-public corporation created by Private Acts 1917, chapter 25, and expressly empowered thereby to do all things necessary to carry out the purposes of the act, can, as a necessary incident to such power, employ counsel and institute a suit necessary to enable it to accomplish such purposes. (*Post, pp.* 495, 496.)

Acts cited and construed: Acts 1917, ch. 25.

Cases cited and approved: Jonesboro v. McKee, 10 Tenn., 167-170; Mallory v. Hanaur Oil Works, 86 Tenn., 598; Union Bank v. Jacobs, 25 Tenn., 515-521.

2. HIGHWAYS. Employment of counsel by commission not in violation of Code.

Act of Washington County Good Roads Commission in employing counsel to prosecute an action instituted by it to compel the chairman and clerk of the county court to sign and countersign bonds of the county to be used for construction of a system of highways under Private Acts 1917, chapter 25, is not invalid by reason of Shannon's Code, sections 1629, 5768, as to the district attorney or Attorney General representing the county; the first section referring to appeals from decisions as to opening or changing a road, and the second section being limited to criminal cases. (*Post, pp.* 496-500.)

[*]Authorities passing on the question of validity of statutory provisions for attorney's fee, are collated in notes in 17 L. R. A. (N. S.), 910 and L. R. A., 1915E, 943.

Acts cited and construed: Acts 1917, ch. 25; Acts 1919, ch. 90; Acts 1845-46, ch. 122.

Cases cited and approved. State v. Jesse Adler et al., 48 Tenn., 547; State v. True, 116 Tenn., 294; Codes cited and construed: Secs. 1629, 5768 (S.); Secs. 4465-4470 (1858).

3. JURY. Guaranty in Constitution does not refer to chancery cases.

Constitution, article 1, section 6, providing that the right of trial by jury shall remain inviolative, refers not to suits brought in chancery, but alone to actions triable at common law. (*Post, pp.* 500, 501.)

Cases cited and approved; Neely v. State, 63 Tenn., 180; McGinnis v. State, 28 Tenn., 53; Goddard v. State, 10 Tenn., 99; Jackson v. Nimmo, 71 Tenn., 613; Allen v. Saulpaw, 74 Tenn., 477.

4. JURY. No absolute right in original chancery suit.

Under Public Acts 1919, chapter 90, sections 1-3, among other things repealing Code 1858, sections 4465-4470, there is no absolute right to a trial by jury in a suit of which the chancery court had inherent equitable jurisdiction, but the submission of facts to a jury is again discretionary with the chancellor. (*Post, pp.* 501, 502.)

Acts cited and construed: Acts 1919, ch. 90, secs. 1-3; Acts 1877, ch. 97.

Code cited and construed: Code 1858, secs. 4465-70.

5. JURY. No right in suit to reach trust fund.

A suit to reach a trust fund in the hands of Washington County Good Roads Commission is one of which the chancery court had inherent equitable jurisdiction, so that there is no absolute right to a trial by jury of the facts therein. (*Post, p.* 502.)

6. ATTORNEY AND CLIENT. Agreement for fixing fees held to require reasonable amount.

Any agreement between highway commissioners and attorneys employed by them to conduct a suit that the commissioners should fix the attorney's compensation on termination of the litigation requires the sum fixed to be reasonable and fairly commensurate with the services rendered. (*Post, pp.* 502-504.)

7. **ATTORNEY AND CLIENT.** Amount awarded as attorney fee in suit involving constitutionality of statute held reasonable.

$4,500 allowed to attorneys for services below and on appeal in successfully prosecuting a mandamus suit by the Washington County Good Roads Commission to compel the chairman and clerk of the county court to sign and countersign bonds of the county to the amount of $750,000, to be used for construction of highways, under Private Acts 1917, chapter 25, the only question being the constitutionality of the statute, is a reasonable fee; it not being like a case to recover that amount, in which failure would entail a heavy financial loss on the client. (*Post, pp.* 502-504.)

FROM WASHINGTON.

Appeal from the Chancery Court of Washington County.—Hon. HAL H. HAYNES, Chancellor.

ISAAC HARR, ROBERT BURROW, S. E. MILLER and S. W. PRICE, for appellants.

COX & TAYLOR and E. J. VAUGHT, for appellees.

MR. JUSTICE HALL delivered the opinion of the Court.

The bill in this cause was filed by the complainants, S. E. Miller, Harr & Burrow, and Sam W. Price, members of the Washington county bar, against Washington county and the members of the Washington County Good Roads Commission, both in their official and individual capacities, seeking to recover the sum of $15,000, alleged to be due the complainants as the reasonable value of their legal services rendered the defendants in the case of *State*

*of Tennessee ex rel. J. W. Cox et al.* v. *G. C. Horn et al.,* which was a bill filed in the chancery court of Washington county by the Washington County Good Roads Commission to compel, by writ of mandamus, the chairman and clerk, respectively, of the county court of Washington county to issue, sign, and countersign $750,000 of interest bearing coupon bonds of said county, the issuance of which had been authorized by the qualified voters of said county in an election held under chapters 25 and 131 of the Private Acts of 1917. These acts authorized and empowered Washington county to lay off, construct and build a system of highways in said county with the proceeds of the bonds to be issued. The acts created a commission, composed of five members, to be known as the "Washington County Good Roads Commission," and provided that the members of this commission should be elected at the same time and in the same election held for the purpose of voting on the proposition to issue the bonds authorized by said acts. The acts expressly clothed the commissioners to be elected with authority to contract for the construction and improvement of said roads, and to do any and all things necessary to carry out the purpose of said acts.

The defendant road commissioners in the instant cause were elected commissioners at said election, and after due qualification entered upon their duties as such.

It was further enacted that each of the bonds issued should be signed by the chairman of the county court, and countersigned by the county court clerk, with the official seal of the latter attached thereto.

It was further enacted that not less than ninety-five per cent. of the fund derived from the proceeds of the sale of the bonds should be expended in the actual construction on contractors' estimates, and not more than five per cent. of said fund should be expended for expenses of any kind or character.

Both the chairman and clerk of the county court refused to sign and countersign said bonds, being of the opinion that said acts were unconstitutional, on account of which the institution of the mandamus proceeding was made necessary.

The mandamus suit was sharply and vigorously contested, both in the chancery court and in this court, and resulted in the constitutionality of said acts being upheld, and in the chairman and clerk of the county court being required to sign and countersign said bonds, after which a sale of them was negotiated and consummated by said commissioners. In that litigation the road commissioners, by resolution duly passed, employed complainants to represent them in the mandamus proceeding, and complainants did represent them in said proceeding, both in the chancery court and in this court, and it is to recover for these services that the present bill was filed.

To complainants' bill the defendants filed a demurrer. By this demurrer it was insisted: (1) That Washington county could not be held liable, for the reason that the bill did not show that Washington county, as a county, authorized the employment of the complainants, and the commission was without authority to bind the county;

and (2), that the Washington County Good Roads Commission, as a commission, could not be held liable, because the act under which it was created did not vest it with authority to employ counsel to represent it in said litigation, and it was therefore without authority to expend any portion of the money derived from the sale of said bonds in the payment of attorney's fees; and (3), that the Washington County Good Roads Commission, as individuals, could not be held liable for the fees of complainants, for the reason that any action taken by them was as officials and not as individuals, and in the absence of a showing of bad faith upon their part no individual liability could attach.

The chancellor sustained the third ground of said demurrer, holding that the commissioners were not individually liable, but, if liable at all, they were only liable in their official capacity. The other grounds of the demurrer were overruled.

Whereupon the defendants answered the bill, denying that either the county or the commissioners were liable to the complainants in the sum of $15,000.

The answer averred that at the time the complainants were employed by the road commissioners to institute said mandamus suit in the chancery court of Washington county, the question of what fees the complainants should have for their services was discussed, and that it was agreed between complainants and said road commissioners that it should be left absolutely to said commissioners to fix the fees which complainants should receive after

the litigation had been terminated, and that the commissioners met pursuant to said agreement, and, after due consideration of the matter, determined that a fee of $1,500 would be reasonable compensation for the complainants' services rendered in said suit, and had offered to pay complainants this sum as full compensation for their services, but that complainants had refused to accept the same, and that defendants, if liable at all, were not liable for a greater sum than $1,500.

In their answer they demanded a jury to try and determine the issue of fact presented. A motion was seasonably made by defendants to have the chancellor transfer the cause to the circuit court of the county for trial by a jury under the provisions of chapter 90 of the Public Acts of 1919. This motion was overruled by the chancellor, to which action the defendants excepted.

The cause was thereafter finally heard by the chancellor upon the pleadings and proof, and he held that the complainants were entitled to recover of the road commissioners, as such, the sum of $4,500, as the reasonable value of their services rendered in the mandamus suit, both in the lower court and in the supreme court, and ordered said sum to be paid out of the five per cent. of the proceeds of said bonds which the acts provided might be used by the commissioners in the payment of any and all expenses which might accrue in carrying out the purposes of the acts.

From this decree and the decree overruling their demurrer the defendants prayed and perfected an appeal to this court, and have assigned errors.

Complainants appealed from so much of said decree as fixed the reasonable value of their services at only $4,500, and have assigned errors on this phase of the cause.

We will first dispose of the assignments of error filed by the defendants, the first of which is that the chancellor erred in not sustaining the second ground of their demurrer, and in not holding that the Washington County Good Roads Commission was without authority to employ counsel to represent them in said mandamus proceeding filed in the chancery court of Washington county, because the act under which said commission was created did not confer any such authority upon it.

We are of the opinion that this assignment of error is not well taken. While the act did not expressly vest in the commission the power to institute suits necessary in carrying out the purposes of the act and to employ counsel in such suits, it did expressly clothe said commission with the power and authority to do all things necessary to carry out the purposes of said act, and we think the power to employ counsel and institute any suit that might be necessary to enable them to accomplish the purposes of the act is a necessary incident to the powers expressly conferred upon the commission. The commission created by said act to carry out its purposes will be treated as a quasi-public corporation, and was not therefore restricted to the exercise of powers expressly conferred upon it by the act creating it, but was clothed with such implied powers as were necessary to carry out the powers expressly granted, and to accomplish the purposes for which it was created. R. C. L., vol. 7, section 513.

While a corporation is a creature of statute, it is true that some things by common law are incident to it, which it may do without any express provision in the charter of incorporation; such as to sue and be sued, etc. The extent of its powers are those enumerated in its charter, or implied by fair and natural construction of powers expressly conferred. *Jonesboro* v. *McKee*, 2 Yerg., 167—170; *Mallory* v. *Hanaur Oil Works*, 86 Tenn., 598, 8 S. W. 396; *Union Bank* v. *Jacobs*, 6 Humph., 515—521.

It is next insisted that, even if the road commission, as a necessary incident to the powers expressly conferred upon it, were authorized to institute an action of mandamus to compel the chairman and clerk of the county court to sign and countersign said bonds, their action in employing counsel to prosecute said action was illegal and void, because by sections 1629 and 5768 of Shannon's Code it is made the duty of the attorney-general of the district in which the suit is filed and the attorney-general of the State to represent the county and all county and state agencies in such suits. By section 1629 of the Code referred to it is provided as follows:

"In case of an appeal, the district attorney-general shall attend the case for the county in the circuit court, and shall be paid the sum of five dollars for each case attended to, and the attorney-general for the State shall represent the county in such cases before the supreme court."

By section 5768 of the same Code it is provided as follows:

"It shall be the duty of the district attorneys to co-operate and assist upon the request or direction of the attorney-general for the State in the bringing, prosecution, defense, preparation, and trial of all cases in the circuit and chancery courts in which the attorney-general of the State is now or may hereafter be required to appear for the protection of the State or the public interest."

The first section above quoted has reference only to appeals in cases where an application has been made to open, change, or close a road to the commissioner of the district through which the road runs, or is asked to be located by any person or persons considering themselves aggrieved by the action of the jury of view appointed to condemn and assess the damages of the landowner or landowners whose lands are to be taken. It has no reference to suits or actions of the nature brought by the Washington County Good Roads Commission against the chairman and clerk of the county court of Washington county to compel them to sign road bonds to be issued by the county.

It was held in the case of the *State* v. *Jesse Adler et al.*, 48 Tenn. (1 Heisk.), 547, that section 5768 of Shannon's Code referred alone to criminal prosecutions.

We know of no statute, and our attention has not been called to any, which makes it the duty of either the district attorney-general or the attorney-general for the State to institute and prosecute an action, such as the one brought by the road commission of Washington county, or that prohibits such a commission from employing coun-

143 Tenn.—32

sel to represent it in litigation that may arise out of the performance of its duties and the execution of its powers. We, therefore, hold that said commission was clothed with power and authority to employ the complainants to represent it in said mandamus action, and, as such, is liable to the complainants for the reasonable value of their services.

The case of *State* v. *True,* 116 Tenn., 294, 95 S. W., 1028, which is relied on by counsel for the defendants to support their contention that the road commission was not clothed with power to employ counsel and bring said suit, is not applicable. In that case it was held that neither the chairman of the quarterly court, or the quarterly court itself, was clothed with power to bring suit to prevent a misappropriation of the public school funds, in the hands of the trustee of the county, because such school funds were not the property of the county, and its authorized agents had no control of them; but the power to bring such a suit was vested alone by statute in the hands of the State superintendentent of public instruction.

It is next insisted that the chancellor erred in disallowing the motion of the defendants to have said cause transferred to the circuit court of the county for trial before a jury, as provided by the terms of chapter 90 of the Public Acts of 1919. By the first section of this act, sections 4465, 4466, 4467, 4468, 4469, and 4470 of the Code of 1858, relating to jury trials in chancery court, are repealed. By section 2 of said act it is provided as follows.

"That every party, hereafter suing in the chancery court upon a cause of action of which that court has jurisdiction by virtue of an act passed March 23, 1877, and approved March 26, 1877, being chapter 97 of the Acts of Tennessee of 1877, entitled 'An act to increase the jurisdiction of the chancery court,' or by virtue of any admendment thereof, shall be conclusively presumed to have waived the right to demand a trial by jury by not having elected to sue at law, and that every defendant to every such suit shall likewise be conclusively presumed to have waived the right to a trial by jury unless a jury shall be demanded in the first pleading filed by him making or tendering an issue of fact."

Section 3 provides: "That whenever any defendant shall have demanded a trial by jury in the chancery court in any cause of which that court shall have jurisdiction by virtue of said act, or by virtue of any admendment thereof, as provided in section 2 of this act, the chancellor, by an order made either in term time or at chambers, shall transfer the cause to the circuit court of the county in which it shall be pending, and the clerk and master shall immediately deliver all papers in the cause, together with a certified copy of the order of transfer, to the clerk of the circuit court of such county, who shall immediately file the same and docket the cause in said circuit court, where it shall be tried before the court and a jury. Provided, that no provision of this act shall apply to ejectment suits, or suits in the nature of ejectment, to recover land."

The chancellor was of the opinion that the present ac-

tion was not one of which the court acquired jurisdiction by virtue of the act of 1877, but that it was a cause falling within the inherent equitable jurisdiction of said court, and therefore a trial by jury was not an absolute right which the defendants had, in view of the repeal of the sections of the Code above referred to, but was a matter within the discretion of the court. This holding was based upon the theory that the suit was one against the trustees of a trust fund, and sought to have a sufficiency of said fund in the hands of the trustees appropriated to the satisfaction of their claim, and that the chancery court has exclusive equitable jurisdiction to deal with such a fund.

The sections of the Code repealed by chapter 90 of the Acts of 1919 were predicated on chapter 122 of the Acts of 1845-46, granting to either party to a suit in chancery, upon application, a jury to try and determine any material fact in dispute.

The constitutional provision that "the right of trial by jury shall remain inviolate" (article 1, section 6) has no reference to suits brought in the chancery court, but refers alone to actions triable at common law. *Neely* v. *State,* 4 Baxt., 180; *McGinnis* v. *State,* 9 Humph., 53, 49 Am. Dec., 697; *Goddard* v. *State,* 2 Yerg., 99; *Jackson* v. *Nimmo,* 3 Lea, 613.

It was held by this court in the case of *Allen* v. *Saulpaw,* 6 Lea, 477, that before the passage of the act of 1845-46, the granting of a jury, or the ordering of the submission of facts to a jury, was largely a matter of discretion with

the chancellor; but after the passage of the act of 1845-46, it became the right of either party to demand a jury to try and determine any issue of fact involved in any case pending in the chancery courts of the State, and the finding of the jury in the premises was given the same force and effect as at law.

Since the repeal of the sections of the Code embodying the provisions of the act of 1845-46, by chapter 90 of the Acts of 1919, neither party has an absolute right to a trial by jury in suits of which the chancery court had jurisdiction prior to the passage of chapter 97 of the Acts of 1877, but the granting of a jury, or the ordering of a submission of the facts to a jury, is again left discretionary with the chancellor. By the act of 1877, the jurisdiction of the chancery court was increased so as to give it concurrent jurisdiction with the circuit court of all civil actions, except for injuries to persons, property, or character involving unliquidated damages, and in these cases, by the terms of chapter 90 of the Acts of 1919, the party who brings his suit in the chancery court is conclusively presumed to have waived the right to demand a trial by jury, not having elected to sue at law, and the defendant to such suit shall likewise be conclusively presumed to have waived the right to a trial by jury, unless a jury shall be demanded in the first pleading filed by him making or tendering an issue of fact.

Section 3 of the act provides that if the defendant demands a jury in the first pleading filed by him making or tendering an issue of fact, the chancellor, by an order

made in term time or at chambers, shall transfer the cause
to the circuit court of the county in which it shall be
pending for trial before the court and a jury. The act,
however, expressly provides that it shall have no applica-
tion to ejectment suits, or suits in the nature of ejectment
to recover land.

We are of the opinion that the chancellor was correct
in holding that the suit at bar was not one of which the
chancery court acquired jurisdiction by virtue of the act
of 1877, but was a suit of which said court had inherent
equitable jurisdiction. This is true because it sought to
reach the trust fund in the hands of the road commis-
sioners of Washington county, and the chancery court
only had power to impound and apply such fund, or a
sufficiency thereof, to the satisfaction of complainants'
claim. We do not think it will be disputed that the circuit
court has no jurisdiction of cases involving in any man-
ner the administration of a trust fund, but that jurisdic-
tion belongs alone to the chancery court, as before stated.
We think, therefore, that the granting of a trial by jury
was a matter within the discretion of the chancellor.

The remaining assignments of error urged by the de-
fendants, as well as the assignment of error filed by the
complainants, go to the amount of the fee allowed by the
chancellor. It is insisted by the defendants that the sum
of $4,500 allowed the complainants as the reasonable value
of their services is unreasonable and excessive. It is their
insistence that the question of fixing the compensation
which the complainants should have for their services

was, by agreement, left to the discretion of the commissioners, and that the commissioners met and determined, after due consideration of the matter, that the sum of $1,500 would be reasonable, and that this amount only should have been allowed complainants by the chancellor.

Upon the other hand, it is insisted by the complainants that the fee of $4,500 is grossly inadequate for the services rendered by them, and that they are entitled to a much larger sum.

We are of the opinion that the chancellor reached the justice of the matter when he allowed the complainants the sum of $4,500. We do not think that the defendants' contention that the fixing of the amount of the compensation which the complainants should have for their services was left, by agreement, to the discretion of the commissioners, is sustained by a preponderance of the evidence. If, however, we are wrong in this view of the evidence, and it was agreed that the commissioners should fix their compensation upon the termination of the litigation, still we think the sum fixed should be reasonable and fairly commensurate with the services rendered. We do not think that the sum of $1,500 was reasonable. Nor do we think that the complainants are entitled to a greater sum than the $4,500 allowed by the chancellor. While the suit was an important one, it only involved the constitutionality of the statute under which the bonds for $750,000 were to be issued. It cannot be assimilated to a suit having for its purpose the recovery of that amount,

and, unless recovered, the defendants would have sustained a heavy financial loss.

Without further elaboration, we are content to affirm the decree of the chancellor.

The Washington County Good Roads Commission, as such, will be taxed with the costs of the cause, which costs will be paid out of any portion of the five percent. of the bond issue that may be in their hands, and which the act provides may be used in defraying expenses incident to carrying out the purposes of the act.