J. H. Pritchard *et al v.* Johnson-Toby Construction Co. *et al.**

(*Jackson.* April Term, 1927.)

Opinion filed July 16, 1927.

1. DRAINAGE DISTRICT, ORGANIZATION. Acts 1909, ch. 185.

A drainage district organized under Acts 1909, ch. 185. is a State agency, the power to create being delegated by the State to the county court. (Post, p. 574-5.)

Citing: In re Drainage District, 133 Tenn., 684, 182 S. W., 237.

2. SAME. Directors. Powers.

Directors appointed under the authority of the statute, must be considered a quasi-public corporation, charged with the duty of executing a governmental purpose, and vested with the power to control and contract for the construction of ditches, etc. (Post, p. 675-6.)

Citing: Acts 1909, ch. 185, sec. 18; Miller v. Washington County, 143 Tenn., 488, 223 S. W., 199; Board of Park Commissioners v. Nashville, 134 Tenn., 612, 635, 639, 185 S. W., 694.

3. SAME. Contracts. Contractors.

In lieu of cash deposit, contractors by section 19 of said act are required to execute bond, payable to the county for use of the district for the performance of the contract. (Post, p. 576.)

4. SAME. Same. Breach of contract.

Upon breach of contractor to perform his work, the cash deposit is forfeited to the county; or if bond has been executed, recovery may be had by suit in name of county, for use of the district. (Post, p. 576.)

Citing: Sec. 37, Acts 1905, ch. 185.

5. SAME. Same. Same. Action.

Suit may be filed in name of the county and in the chancery court, a court of competent jurisdiction; the statute not confering jurisdiction upon the county court. (Post, p. 577.)

Citing: Acts 1923, ch. 73.

6. **SAME. Same. Same. Nominal complainant.**

The statute expressly requiring that such suit be brought in name of county, as payee, for use of the district, the necessity of obtaining consent of county as the nominal complainant is not required, so far as recovery is sought on the contractor's bond. (Post, p. 578.)

Citing: Johnson et al. v. Irby et al., 8 Humph., 654; Code, sec. 4492-3, Shannons Code (sec. 2795-6, Code 1858); Shannons Code, sec. 4941 (Code 1858, sec. 3200).

---

*Headnotes 1. Drains, 19 C. J., sections 12, 13; 2. Drains, 19 C. J., section 170; 3. Drains, 19 C. J., section 32 (Anno); 4. Drains, 19 C. J., section 170; 5. Drains, 19 C. J., section 175 (Anno); 6. Drains, 19 C. J., section 44 (Anno); 7. Drains, 19 C. J., section 170.

---

### FROM CARROLL.

Appeal from the Chancery Court of Carroll County.— HON. TOM C. RYE, Chancellor.

McCALL & BROWNING, for appellants.

S. L. & JOHN T. PEELER, for appellees.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This cause was instituted by the original bill of certain individual complainants and the Roans Creek Drainage District No. 8 of Carroll County, and Carroll County, for the use and benefit of said drainage district, filed against the Johnson-Toby Construction Company et al.

By amendments to the original bill made in the Chancery Court, the individual complainants were withdrawn and the bill stands as the bill of the drainage district,

suing by order of and through its board of directors, and Carroll County, for the use and benefit of the drainage district.

The bill avers the creation of the drainage district under the authority of Chapter 185 of the Acts of 1909; the appointment of directors; the making of a contract by the board of directors with the Johnson-Toby Construction Company, for the construction of drainage ditches and levees; the execution of a bond by the construction Company, payable to Carroll County, for the use and benefit of Roans Creek Drainage District No. 8 of said county, conditioned to secure the faithful performance of said contract; the breach of the contract by the failure of the construction company to construct the ditch according to the contract specifications; and the resulting damage to the drainage district from said breach of contract.

The bill prays a decree requiring the Johnson-Toby Construction Company to specifically perform the contract, or, in the alternative, for a decree for the full amount of damages caused by the breach of contract, with a decree against the sureties on the construction company's bond for all said damages up to and including the amount of the bond.

The bill also prays for general relief.

The bill also contains averments of wrongful acts by the co-defendant, Farmers State Bank, with regard to the handling of a bond issue of the drainage district, and prays for a recovery against the bank. The bank interposed a demurrer, which does not appear to have been passed upon by the Chancellor, and that branch of the cause is not before us for review.

The Johnson-Toby Construction Company made a motion for an order on the complainants to produce their

authority for bringing and prosecuting the. suit in. the name of Carroll County, and supported its motion with an affidavit of the county judge to the effect that the solicitors for the complainants "had no authority and were not authorized to make Carroll County a complainant.''

The Chancellor overruled this motion, his decree reciting that the drainage district had the right to use the name of the county, and to bring the suit in the name of the county, for the use and benefit of the drainage district, without the consent of the county.

The Chancellor then sustained a demurrer interposed by the construction company, on the ground that the drainage district, being an arm or instrumentality of the government, created by the County Court of Carroll County, is given no authority or power by statute to maintain a suit of this character; and on the further ground that the Chancery Court has no jurisdiction to hear and determine the question of damages described in the bill, the County Court of Carroll County having full, complete and exclusive jurisdiction of the matters complained of.

Having sustained this demurrer, the Chancellor dismissed the bill as to all parties, and from his decree the complainants prayed and were granted an appeal to this court, and have assigned errors.

The Statute of 1909, Chapter 185, providing for the creation and organization of drainage districts, has been before this court for construction and interpretation a number of times, and its general provisions need not be again set out. *State ex rel.* v. *Powers,* 124 Tenn., 553; *In re Drainage District,* 133 Tenn., 684; *Drainage District* v. *Askew,* 140 Tenn., 314; *Brite* v. *Grubbs,* 144 Tenn., 647; *N. C. & St. L. Ry.* v. *Drainage Dist.,* 149 Tenn., 490; *Obion County* v. *Coulter,* 153 Tenn., 469.

The description of a drainage district organized under this statute, as an arm or instrumentality of the government, as made in the demurrer, is correct, but it is not merely an arm or instrumentality of the county. It is a state agency, the power to create which is delegated by the Legislature to the County Court, as the delegate of the State, with a special authority beyond that ordinarily exercised by the County Court. *In re Drainage District,* 133 Tenn., 684.

Upon the creation of a drainage district by a County Court, the statute directs the County Court to appoint two directors for the district, who, with the county judge as the third member, constitute the board of directors for the district. The statute then provides that this board of directors "shall have the general control and management of the business affairs of such district and supervision of the same, and be vested with power and authority to make contracts, as provided by this act, for all improvement to be done in said district." Acts of 1909, chapter 185, section 18.

The two directors appointed by the County Court are given terms of two years each, and provision is made for the appointment of their successors, upon vacancy occurring for any cause.

The board of directors are specifically authorized and empowered to make contracts of the character described in the bill, and it is provided in section 19 that the contractor "shall be required to execute a bond, with sufficient sureties, payable to the county, for the use and benefit of the drainage or levee district, in an amount equal to twenty-five per centum of the estimated cost of the work so let."

Provision is made for the deposit of cash in lieu of bond, the deposit to be made "with the treasurer of the board of directors."

Section 37 of the statute is as follows:

"That if any person to whom the work, or any portion of the work, in such improvement district has been let shall fail to perform the same according to the terms specified in his contract, then the cash deposited by him shall be forfeited for the benefit of such district and be paid into its fund; or if bond has been given by such contracting party so failing, then recovery of the damages sustained may be had by suit in the name of the payee in such bond for the use of such district, and such damage on judgment therefor collected and paid into the fund of such district."

The bond executed by the defendants in the present cause was made payable to the county, for the use and benefit of the drainage district, and since section 37 expressly authorizes a suit on the bond in the name of the payee, for the use of the district, it should require no argument to sustain the bill in so far as it seeks a recovery on the bond, the bill having been filed in the name of the payee of the bond and for the use of the drainage district.

It is our opinion that the board of directors of the drainage district, appointed under the authority of the statute and vested with the general control and management of the business affairs of the district, with power to make contracts for improvements, etc., must be considered as a *quasi*-public corporation, charged with the duty of executing a governmental purpose as a governmental agency. *Miller* v. *Washington County,* 143 Tenn., 488; *Board of Park Commissioners* v. *Nashville,* 134 Tenn., 612, 635-639.

In *Board of Park Commissioners* v. *Nashville,* this court held that a corporation may be created by implication, with no particular form of words necessary to accomplish that purpose; that an aggregate of individuals, given corporate powers by statute, will be treated as a corporation, although not expressly described as such in the statute. And the court further held in that case that "the power to sue is one of the incidental rights of a corporation, whether mentioned in the charter or not."

In *Miller* v. *Washington County, supra,* this court held that a county road commission, created by statute, would be treated as a *quasi*-public corporation, "clothed with such implied powers as were necessary to carry out the powers expressly granted, and to accomplish the purposes for which it was created;" such implied powers including "the power to employ counsel and institute any suit that might be necessary to enable them to accomplish the purposes of the act."

Notwithstanding the able argument of counsel to the contrary, we think the cases just cited require a holding that the board of directors of the drainage district were vested with power to institute this suit in the name of Carroll County to recover damages sustained by the district from a breach of the contract, which the statute expressly authorized the board of directors to enter into, whether the damages claimed exceed the amount of the bond or not.

We find nothing in the statute to indicate a legislative intent that this question of damages should be litigated in the county court. The state provides that suits for delinquent assessments must be filed in the name of the county and in the Chancery Court. The suit on the bond, authorized by section 37, is not expressly assigned to any

155 Tenn.—37.

particular court, but it must be assumed that, in authorizing the suit, the Legislature had in mind that it would be brought in a court having general jurisdiction of and equiped to determine suits of like nature. And in the amendment to the Drainage District Statute, Chapter 73 of the Public Acts of 1923, the appointment of a receiver for a drainage district is authorized to be made by "any court of competent jurisdiction within the county or counties of said drainage or levee district," at the suit of the holder of a bond or interest coupon of such bond issued by the district. The County Court is designated as a special tribunal for the creation of the district, and for the other special purposes referred to it by the language of the statute; but there is nothing in the statute to confer upon the County Court jurisdiction of litigated suits for the enforcement and collection of debts owing to or by the district.

We are further of the opinion that the learned Chancellor was correct in his holding that the drainage district was authorized to bring the suit in the name of the county, for the use of the district, without the necessity of obtaining the consent of the county.

In so far as the suit was brought upon the bond of the contractor the statute expressly required that it be brought in the name of the county, as the payee of the bond, for the use of the district.

Sections 4492 and 4493 of Shannon's Code (sections 2795 and 2796 of the Code of 1858) are as follows:

"In all suits prosecuted in the name of one person for the use of another, the person for whose use the suit is brought shall be held the real plaintiff of record."

"The person whose name is used in the prosecution of a suit, may, at any time during the progress of the cause, require the party for whose benefit the action is brought,

to give bond, with good security, to indemnify him against all damages and costs.''

Section 4941 of Shannon's Code (Code of 1858, Section 3800), is as follows:

''Where suit is brought in the name of one, for the use of another, the person for whose use the action is brought is the real plaintiff, against whom judgment for costs shall be given.''

Under these statutory provisions no liability can attach to the county on account of the use of its name as the nominal complainant in the present suit, although to insure this absence of liability, Section 4493 confers upon the county the right to require the party for whose benefit the action is brought to give bond with security, to indemnify it against all damages and costs. But this is a right given to the nominal complainant and not to the defendants in the action.

In *Johnson et al.* v. *Irby et al.*, 27 Tenn., 654, this court held that the party beneficially interested in a cause of action is the real plaintiff, and has a right to use the name of the persons in whom the legal interest is vested, to recover the debt. We can see no reason why this principle should not be extended so as to confer upon the drainage district, as a *quasi*-public corporation, the right to use the name of the county as the nominal complainant, when the statute requires that the suit be so brought, in so far as a recovery is sought on the contractor's bond.

For the reasons hereinabove indicated, the decree of the Chancellor dismissing the bill will be reversed, and the cause remanded to the Chancery Court of Carroll County for further proceedings.

The costs of the appeal will be paid by the defendants, Johnson-Toby Construction Company, J. Sam Johnson and Frank T. Toby, partners.