J. M. ABEL et al.

*v.*

LUTHER WELCH.

(*Knoxville,* September Term, 1957.)

Opinion filed June 6, 1958.

C. P. SWAFFORD, Dayton, for complainants-appellants.

THOMAS F. GUTHRIE, O. W. MCKENZIE, Dayton, for defendants-appellees.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is an appeal from the decree of the Chancellor sustaining the demurrer to the original injunction bill of the complainants who constitute the Purchasing and Finance Commission of Rhea County. The bill was filed by the complainants in their official capacity and is against the defendant in his official capacity as Supervisor of Roads in Rhea County. Both the complainants and the defendant hold their respective offices pursuant to the provisions of Chapter 313 of the Private Acts of 1955 and exercise their authority accordingly.

The caption of the aforesaid Act is:

"An Act to reorganize the fiscal affairs of Rhea County by granting to the County Court certain powers therewith, by creating a Finance and Purchasing Commission, a Budget Committee, a Highway Supervisory Committee, and prescribing * * * penalties for the violation of this Act."

It thus appears from the caption of the Act as well as the body of the said Act that both the complainants and the defendant are creatures of the Quarterly County Court of Rhea County.

The bill charges the complainants with the performance of certain administrative duties such as details of accounting, purchasing, auditing and other matters pertaining to finance, drawing of warrants upon the County Trustee, the keeping of books and records of the county, etc. They are required to periodically audit the records of the various county offices and to employ a bookkeeper for the County Highway Department. By virtue of this Private Act the Chairman of the Quarterly County Court is made Chairman and the complainants together with the defendant are members of the Rhea County Highway Supervisory Committee, etc.

The complainants employed one Avery Carney as bookkeeper and on September 10, 1956, the bill charges that J. M. Abel, Chairman etc. together with Tom C. Kelly, Chairman of the Quarterly County Court, and Lee Taylor, County Accountant, went with a certain employee (Carney) to the premises of the Rhea County Garage; "That these County officials went with him for the purpose of looking over the operation, taking an inventory and checking the bookkeeping system of the defendant Supervisor of Roads." The bill then charges that the defendant Welch cursed each and all parties who were then upon the premises, stating that the Purchasing Commission had no right to hire an auditor, and he refused to permit an examination as requested, that is, of books pertaining to his office; that he threatened to strike the complainant, Abel, and to do bodily harm to each of the county officials on this occasion. The final charge in

the bill is that these complainants and the employee, the auditor, were acting in full performance of their legal duty under the statute.

The prayer of the bill is, as follows:

"That a temporary injunction issue restraining and prohibiting the defendant from molesting, doing bodily harm, cursing or abusing the complainants, their agents or employees, or a bookkeeper employed by the complainants while they are carrying out the duties of their office and that on final hearing said injunction be made permanent."

The defendant demurred to the bill on several grounds. The first three grounds set out that the complainants being a Commission established by the Private Act are not authorized to sue or be sued and hence they cannot bring this suit. The fourth ground is that the Chancery Court has no power by injunction to restrain the commission of crimes or misdemeanors, nor has it the power of injunction to deal with political or to intermeddle with coordinate departments of the government. The fifth ground sets out that the bill fails to show a ground for injunctive relief and that the complainants have a plain and adequate remedy at law.

The Chancellor sustained all grounds of the demurrer and granted an appeal to this Court. His action is made the basis of assignments of error, which relate to each of the several grounds of the defendant's demurrer.

The determinative question as made in the first three grounds of the demurrer relate to the authority of the complainant Purchasing Commission to bring this suit. The Act creating this Purchasing and Finance Commis-

sion is silent as to its power to sue and be sued. The complainant's counsel, however, insists that it is a quasi-corporation and has the implied power and authority to maintain the present action. The following authority is cited by counsel in support of the foregoing insistence:

"It is well settled that a county board possesses and can exercise such powers, and such powers only, as are expressly conferred on it by the constitution or statutes of the state, *or such powers as arise by necessary implication from those expressly granted or such as are requisite to the performance of the duties which are imposed on it by law.*" (Emphasis added.) 20 C.J.S. Counties sec. 82, pp. 850-851.

"It is our opinion that that board of directors of the drainage district, appointed under the authority of the statute, and vested with the general control and management of the business affairs of the district, with power to make contracts for improvement, etc., must be considered as a *quasi*-public corporation, charged with the duty of executing the governmental purpose as a governmental agency. *Miller v. Washington County,* 143 Tenn. 488, 226 S.W. 199; *Board of Park Commissioners v. City of Nashville,* 134 Tenn. 612, 635, 639, 185 S.W. 694." *Pritchard v. Johnson-Toby-Construction Co.,* 155 Tenn. 571, 576, 296 S.W. 17, 19.

We would feel bound by the foregoing as controlling authority if the Purchasing Commission could be properly classified as a quasi-corporation, as distinguished from an agent or employee of Rhea County. We think it clearly appears that this complainant along with other administrative agencies of Rhea County had no implied

authority to maintain any suit at law or in equity as against each other to compel recognition of any supposed statutory right or duty devolving upon them by virtue of the terms of the Private Act in question. These respective agencies were created by law to manage the governmental affairs of the county in an efficient and orderly manner. The complainant has no legal existence separate and apart from the governmental authority of Rhea County. It is an integral part of the county government.

For us to hold that complainant has implied power to maintain this action against the defendant, Welch, as Supervisor of Roads of Rhea County would result in utter confusion in the orderly administration of governmental affairs.

In *Neil v. Guion*, 2 Tenn.Cas. 7, 2 Shannon 7, it was held that a County Trustee could not sue a tax collector to recover funds collected by him, but the proper party to sue was the Chairman of the County Court. To the same effect is *Dulaney v. Dunlap*, 43 Tenn. 306.

The question here presented was considered in *Ledbetter v. Clarksville & R. Turnpike Co.*, 110 Tenn. 92, 73 S.W. 117, where the Court held:

"The public roads and bridges in this State, except where otherwise expressly provided, belong to and are under the control of the several counties in which they are located and suits to protect such roads and bridges and enforce the rights of the public therein, e. g., an injunction bill to prevent an obstruction by a turnpike company claiming right to collect tolls thereon, must be brought and prosecuted in the name of the county or the justices thereof."

It is pointed out by defendant's counsel, and we think properly so, that the complainant in the case at bar has no power to employ an attorney to bring this suit, citing *State v. True,* 116 Tenn. 294, 308, 95 S.W. 1028. We think the drainage district cases (*Pritchard v. Johnson-Toby Construction Co.,* 155 Tenn. 571, 296 S.W. 17 and other cases) have no application to the case at bar. In these cases the drainage districts were made quasi-corporations by statute and were separate and distinct from other agencies of the county. They had their own separate funds and had the power to carry out the functions delegated by statute. These drainage districts were the real parties in interest as distinguished from the rights and liabilities of the county.

Likewise the case of *Board of Park Commisisoners v. City of Nashville,* 134 Tenn. 612, 185 S.W. 694, also cited and relied on by the complainants, is not applicable because the Park Board was separate and distinct from the functions of the city government of Nashville, had its own funds and was given the right to the control of such funds as against the City of Nashville. Moreover the statute creating the Board of Park Commissioners conferred upon the Commissioners the power of "perpetual succession" with authority to sue and be sued. Under the statute creating the Board of Park Commissioners it was given the power to buy real estate for park purposes, to execute bonds and mortgages for lands so purchased, to condemn land, etc., and to make contracts, to employ superintendents and subordinates to protect park property, to draw and expend funds appropriated for the use of the parks, etc. Thus it was held that it was a quasi-corporation, having power to sue.

We think Rhea County is the real party in interest. While the charges made in the complainant's bill are considered by us to be true, yet the wrongs complained of involve the county government. It is therefore incumbent upon Rhea County to correct the abuses complained of by seeking a declaratory judgment in the Chancery Court. To what extent the Chairman of the County Court or Quarterly Court may discipline the defendant, Welch, for his refusal to permit any audit of his books and an investigation of his office is an open question, but undoubtedly there is always available the remedy of ouster to remove an unfaithful county official on the ground of misfeasance and malfeasance in office.

Considering, as we do, that the Chancellor was correct in sustaining the defendant's demurrer to the bill on the ground that the complainant was without any legal authority to maintain the action, it is not important that assignments of error relating to other issues be dealt with in this opinion.

The Chancellor's decree is affirmed.