Tennessee Eastman Company, a Division of Eastman
Kodak Company, Plaintiff in Error,

*v.*

M. L. Adams, Defendant in Error.

381 S.W.2d 269.

(*Knoxville,* September Term, 1963.)

(May Session, 1964.)

Opinion filed July 15, 1964.

Wilson, Worley & Gamble, James E. Brading, Kings-
port, for plaintiff in error.

T. R. Bandy, Jr., Kingsport, for defendant in error.

452

Mr. Justice Holmes delivered the opinion of the Court.

In this case the facts are stipulated. The defendant, Tennessee Eastman Company, filed pleas of *res judicata* and estoppel by judgment. The Trial Court overruled these pleas. The defendant elected to stand upon the pleas. Final judgment was rendered against the defendant and it has perfected its appeal to this Court. The facts as stipulated by the parties are:

"That on October 4, 1960, State Farm Mutual Automobile Insurance Company (herein called 'State Farm') had issued automobile collision policies to G. E. Clark (herein called 'Clark'), and also to the plaintiff herein, M. L. Adams (herein called 'Adams'); that on October 4, 1960, Clark and Adams, who were employees of Tennessee Eastman Company (herein called 'Eastman'), parked their automobiles on the plant property of Eastman at Kingsport, Tennessee, and on said date both

automobiles were damaged as a result of an explosion at the aniline plant of Eastman; that in discharge of its obligations under its said contract of insurance, State Farm paid to Clark the sum of $309.78, which represented the total amount of all the damages done to the Clark automobile by reason of said explosion; in like manner, State Farm paid to the said Adams the sum of $100.00, which represented the total amount of all the damages done to the Adams automobile by reason of said explosion; that in each of these cases, upon payment to the said Clark and Adams of the total amount of all the damages done to each of said automobiles, Clark and Adams executed a subrogation contract with State Farm, copies of which are attached hereto and incorporated herein; that State Farm, before April 17, 1962, made demand upon Eastman for reimbursement to it of certain sums of money paid by State Farm to its policyholders for property damages caused by said explosion of October 4, 1960, including the $309.78 paid by State Farm to Clark and the $100.00 paid by State Farm to Adams; State Farm based its right to reimbursement upon the ground that Eastman was guilty of negligence which caused the said explosion and resulting damages to its insureds and that it had paid said damages and was subrogated to the rights of its insureds against Eastman; that upon denial of liability for said claims by Eastman, State Farm thereupon employed its attorneys to institute suit for State Farm to collect all sums which State Farm had paid to its insureds by reason of property damages caused by said explosion covered by State Farm insurance policies, including the amounts paid by State Farm to Clark and Adams; that on or about April 17, 1962, an action was filed in the Law Court, Part II, at

Kingsport, Tennessee, against Eastman but in this action State Farm elected to sue, not in its name, but rather in the name of Clark as the nominal plaintiff of record in said action, which fact was known to Eastman; that in said action, State Farm, for its own use and benefit, sought to recover from Eastman the sum of $309.78 paid by State Farm to Clark for damages to the Clark automobile caused by the explosion of the aniline plant at Eastman on October 4, 1960; that Clark had no control or authority to control said action; that in said action State Farm contended that said explosion was caused by the negligence of Eastman, which alleged negligence State Farm claimed was the direct and proximate cause of the damages to the said Clark automobile; that Eastman in response to a summons appeared in said action and interposed its plea of not guilty to the allegations of negligence charged by State Farm; that on October 17, 1962, and in the Law Court, Part II, in Kingsport, Tennessee, the issues arising upon the plaintiff's declaration and the defendant's plea were tried to that Court without a jury and the Court took said case under advisement and on January 21, 1963, handed down its memorandum opinion in favor of Eastman on the ground that Eastman was not guilty of any negligence that caused the explosion at its aniline plant on October 4, 1960; that in accordance with said opinion, a judgment was entered in that action in favor of Eastman and said action was dismissed at the costs of the plaintiff; that thereafter, in accordance with the instructions of State Farm, an appeal was duly perfected from the final judgment of said Law Court to the Court of Appeals of Tennessee at Knoxville; that State Farm signed the appeal bond for said appeal that after assignments of

error, brief, reply brief and argument of counsel, the said Court of Appeals, on July 22, 1963, affirmed the judgment of the Trial Court in said Clark case; the said judgment of the Court of Appeals became a final judgment, no petition for certiorari to the Supreme Court of Tennessee having been filed; and that although the costs were taxed against Clark, nevertheless State Farm paid all of the court costs in said action filed against Eastman in the name of Clark. Copies of the technical record and a copy of the opinion of the Court of Appeals in the Clark case are attached hereto and incorporated herein.

"In the present action, Adams is a nominal plaintiff only and has no financial interest in the outcome of this litigation, he having been paid in full for all damages to his automobile under his said insurance policy; that in the Adams case, State Farm has elected to use the name of its insured as a nominal plaintiff only and that said nominal plaintiff has no financial interest whatever in the outcome of said litigation; and that State Farm was the real party in interest in the Clark case and is the real party in interest in the Adams case and if there had been a recovery in the Clark case or if there were to be a recovery in the Adams case, State Farm alone would receive the same; that Adams has no control or authority to control this action; that this action was instituted at the direction of State Farm, who has and is exercising complete control of the plaintiff's side of this case; and that the explosion of October 4, 1960, referred to in the record in the Clark case, is the same explosion as that which is referred to in the pleadings in the Adams case."

456

The declaration in the Clark case, which is made an exhibit to the stipulation, shows that except for the amount of damages sued for and the name of the nominal plaintiff, the declaration in the case now before the Court is a copy of the first two counts of the Clark declaration. There was a third count in the Clark declaration which is not included in the present case.

This Court has had occasion quite recently to consider the rules applicable to actions brought by insurance companies under subrogation agreements in the name of the insured. In *National Cordova Corporation v. City of Memphis et al.*, 214 Tenn. 371, 380 S.W. 2d 793, opinion for publication filed June 4, 1964, there had been a fire and explosion at the plant of the National Cordova Corporation. Certain equipment in that plant was owned by the National Fireworks Ordnance Corporation. This equipment was damaged or destroyed in the fire. The same fire insurance companies insured both the National Cordova Corporation and the National Fireworks Ordnance Corporation. These insurance companies paid the fire losses and became subrogated to the rights of their insured. They brought an action in the United States District Court in the name of the National Fireworks Ordnance Corporation, as nominal plaintiff, for their use and benefit against the City of Memphis and the Board of Light, Gas and Water Commissioners of the City, alleging the fire was caused by the negligence of the defendants. Upon the trial of that case, the issues were decided in favor of the defendants.

Thereafter, the same insurance companies brought an action in the State Court in the name of the National Cordova Corporation against the same defendants for

the loss sustained in the fire by National Cordova Corporation. The defendants in the State Court action filed a plea in abatement based upon *res judicata* and estoppel by judgment. The parties in that case entered into a stipulation similar to the stipulation made in the instant case. The Trial Court sustained the pleas of *res judicata* and estoppel by judgment. In affirming the judgment, this Court, speaking through Mr. Justice White, stated:

"T.C.A. sec. 20-101 provides that in all suits prosecuted in the name of one person for the use of another, the person whose use the suit is brought shall be held to be the real plaintiff of record. Rule 17(a), Federal Rules of Civil Procedure is to the same effect.

"In several cases it has been held that the real party in interest has control of the litigation, is liable for the costs, and is entitled to collect the judgment obtained. The use of the name of the nominal plaintiff is a mere matter of form. *Johnson v. Irby,* 27 Tenn. 654 (1848); *Pritchard v. Johnson-Toby Const. Co.,* 155 Tenn. 571, 296 S.W. 17 (1927). In other words, the party being officially interested in a cause of action is the real plaintiff and has a right to use a named person in whom the legal interest is invested to recover the debt or damages sued for.

"There was only one fire which occurred at one place and resulted in losses to several insurance companies. Immediately upon the payment of such losses, such companies were subrogated to the rights of their insureds through whom they could bring a suit to recover the losses paid by them. They, and not the insureds, became the real plaintiffs in interest and of record,

both under federal law and under Tennessee law, Rule 17(a), Federal Rules of Civil Procedure and T.C.A. sec. 20-101.''

In the present case it is sought again to litigate the identical issues which were decided in the Clark case. The real party in interest as plaintiff is the same insurance company that was the real party in interest in the Clark case. The defendant is the same in both cases. State Farm Insurance Company had complete control of the plaintiff's side of both cases and merely used the name of the respective insureds, who had no financial interest whatever in the litigation, as nominal plaintiffs. Had a recovery been had by the plaintiff in the Clark case, it would have belonged exclusively to the State Farm Insurance Company. These facts at all material times were known by the defendant.

In such a situation, 1 Freeman on Judgments, 5th Ed., Section 430, Pages 938, 939, states the rule to be that:

''One, though not a party, is bound by the judgment in a suit prosecuted at his instance and on his behalf and for his benefit. The real party in interest cannot escape the result of a suit conducted by him in the name of another. The fact that an action is prosecuted in the 'names of nominal parties cannot divest the case of its real character, but the issues made by the real parties, and the actual interests involved, must determine what persons are precluded from again agitating the question and who are estopped by the previous decision.' ''

Section 432 of 1 Freeman on Judgments, 5th Ed., Pages 939, 940, further states this rule:

''Persons though not nominal parties may, by active

and open participation therein, so connect themselves with litigation in which they are interested that the result is res judicata for or against them. Thus whenever one has an interest in the prosecution or defense of an action, and he, in the advancement or protection of such interest, openly takes substantial control of such prosecution or defense, the judgment, when recovered therein, is conclusive for and against him to the same extent as if he were the nominal as well as the real party to the action.''

■ The binding effect of a judgment on the real party in interest is stated in 50 C.J.S. Judgments Sec. 771, Page 300, as follows:

''The conclusive effect of a judgment is on the real party in interest, and it makes no difference that there were nominal parties on the record, or that the action was prosecuted or defended by a nominal party.''

30A, Am. Jur., Judgments, Section 397, Page 448, states the rule to be:

''Two actions may be regarded as involving the same parties, for the purpose of the application of the doctrine of res judicata, where a person is made a party to an action merely as a representative of another, and the latter is personally made a party to another action, or where two different persons are made parties in two actions merely as representatives of the same person.''

■ When the above quoted legal principles are applied to the stipulated facts of the present case, it appears that the defendant's pleas of *res judicata* and estoppel by judgment must be sustained. The judgment is reversed and the cause dismissed at plaintiff's cost.